IN RE ESTATE OF DONA AND LEONA GRIMES; F. M. BASS, Appellant, v. J. E. PUTMAN, Respondent.

St. Louis Court of Appeals, March 7, 1899.

1. **Guardian and Curator:** APPOINTMENT BY WILL: SECTION 5283, REVISED STATUTES 1889. The appointment by will superseded the power of the probate court to appoint. When the knowledge of this appointment was brought before the court by the production and probate of the will, the probate court was compelled to revoke its appointment. Held, that the circuit court was powerless to reinstate the appointee of the probate court.

2. ———: ———: TESTAMENTARY GUARDIAN. Unless the testamentary guardian is restricted by the terms of the will he takes the custody of the person and the estate of his wards, and possesses the same powers and has the same rights as other guardians.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED (with directions).

CRAVENS & CRAVENS for appellant.

Section 5283, Revised Statutes 1889, authorizes a parent to appoint a guardian for minor children by will, and when made and probated, the appointment takes effect at once without an order of court and is more effective than when appointed by the court, and neither the minor nor the court has a choice in the matter, nor power to interfere. 2 Kent, Com. [8 Ed.], side p. 224; Woerner, Guardianship, pp. 56, 57, 58; 3 Wait's Actions and Defenses, p. 541, sec. 8; Tyler on In. and Coverture, p. 248, secs. 170 and 171 Reeves, Dom. Rel. [3 Ed.], p. 453; Rice on American Probate Law and Prac., p. 475. We have found no reported case where our statute has been construed by our courts, but an examination of the above authorities will show that an appointment of a guardian by

will is not confined to the person of the minor but includes the estate also and supersedes all others. King v. King, 73 Mo. App. 78. If letters of administration are granted, a will is found and probate thereof is granted, such letters shall be revoked. R. S. 1889, secs. 39 and 40. If an executrix or administratrix marry, the marriage shall extinguish her powers and her letters be revoked. R. S. 1889, sec. 41. In one case the probate of the will, and in the other the marriage, revokes all previous authority, or at least would authorize the court to revoke such authority granted.

JOHN T. STURGIS for respondent.

The probate court found respondent "a kinsman and suitable person" when it appointed him guardian and curator and such finding was *res judicata* and unless something occurred afterwards to disqualify him he could not be removed, certainly not without good cause duly proved. R. S. 1889, secs. 5334 and 42; Meriwether v. Block, 31 Mo. App. 170, at 176-178. There is nothing in the record of either the circuit or probate court showing or even hinting at anything disqualifying respondent or making him an unfit person for guardian or curator and neither of the trial courts decided the case on any such theory. The probate court overruled appellant's motion suggesting improper conduct in procuring respondent's appointment and nothing else was ever suggested in either court or preserved in the bill of exceptions. Appellant has, however, attempted to bolster up his case by some false statements of his character in his statement of the case. On motion and notice specifying certain causes for revoking respondent's appointment as guardian and curator which on hearing are found not true (see page 3), the court could not then revoke the appointment for a wholly different reason, viz., the discovery of an alleged will not then probated or offered for probate. Woerner on American Law of Guardianship, p. 116. Even if the alleged will was in truth a

will yet it would have to be shown that the testator was the sole surviving parent and the will be probated before the existing guardian's authority could be revoked and such authority could not be revoked before the probate of the will as was done in this case. The unlawful order of January 18, revoking respondent's letters could not be made lawful by the subsequent action of the court on January 22, admitting an alleged will to probate. R. S. 1889, secs. 39, 5284 and 5283; Woerner on American Law of Guardianship, p. 58. The probate court in any event would be justified only in revoking the appointment of respondent as guardian of the persons. Guardianship of the persons and curatorship of the estate are essentially different things though both offices may be united in the same person. R. S. 1889, secs. 5280, 5279, 5288 and 5297. When one person is appointed to both offices, facts which work a disqualification on revocation of one may not of the other. R. S. 1885, secs. 1292 and 5295; Garrison v. Lyle, 38 Mo. App. 558.

BLAND, P. J.—On December 13, 1897, Emma Russell, formerly Emma Grimes, of Newton county, Missouri, departed this life, leaving two children by a former marriage with Grimes, Dora, aged nine, and Leona Grimes, aged seven years. On December 16, 1897, J. E. Putman appeared before the probate court of Newton county and without notice to anyone procured himself to be appointed guardian and curator of the two minor children. F. M. Bass is the grandfather of these minors, and on learning of the appointment of Putman he appeared in the probate court and asked to have the appointment of Putman set aside and for the appointment of himself as guardian of the two minors; the hearing of the motion was set for January 18, 1898; notice thereof was served on Putman, who on the day appointed for the hearing, appeared and filed his motion to dismiss the motion or petition of Bass. Both motions were heard at the same time by

the probate court, during which it developed that Emma Russell had left a will, which was offered for probate; the further hearing of the motions was postponed until after the witnesses to the will were brought in; on the testimony of these the will was duly admitted to probate.    The will reads as follows:

"Ergo, Mo., Dec. 11, '97.

"Know all men by these presents, that I, Emma Russell, request that my children be left in care of my husband, James Russell; that my father, F. M. Bass, assist and help in general supervision of things and that they be appointed (sic) guardian.   I do not want anyone else to act in this matter but the above named.   And that the children have a good education is my desire."

After the probate of the will the court removed Putman as guardian and curator, and appointed Bass in accordance with the directions of the will.   Russell refusing to qualify. Bass gave bond and qualified.   Putman appealed to the circuit court, where upon a trial anew the action of the probate court was set aside and Putman was adjudged to be the legally appointed guardian and curator of the two children. From this order and finding Bass appealed to this court.

After the death of the father the mother is the lawful guardian of her minor children and may, under the provisions of section 5283, Revised Statutes 1889, appoint a guardian by her last will.   When the will of Mrs. Russell was probated and Bass qualified, the former action of the probate court appointing Putman, became inoperative and void; to hold otherwise would be to hold that the probate court might by an order annul a valid and binding provision of a will. The appointment by will superseded the power of the probate court to appoint, and when the knowledge of this appointment was brought before the court by the production and probate of the will, there was nothing left for the court to do but to revoke the appointment of Putman; and the circuit court,

In re Estate of Grimes.

in the face of the will, was as powerless to reinstate Putman, as it would have been to take a legacy bequeathed to one named in the will and give it to an utter stranger.    It is contended by respondent that the appointment of Bass is as guardian only, and not as curator, and therefor Putman having been first appointed curator is entitled to hold on.    No such narrow and technical construction can be given to the appointment of Bass.    The will plainly indicates that the testatrix intended that he should be both guardian of the person and the estate, and the authorities are that unless the testamentary guardian is restricted by the terms of the will that he takes the custody of the person and the estate TESTAMENTARY of his wards.    Tyler on Infancy and Covert-guardians. ure [2 Ed.], p. 247.    Testamentary guardians possess the same powers and have the same rights as other guardians.    Woerner on Am. Law of Guardianship, p. 62. Guardian and curator, when applied to an estate, have the same meaning.    Easley v. Bone, 39 Mo. App. 388; and where one is appointed guardian, unless the appointment is restricted to the person, he is entitled to the custody of both the person and estate of the ward.    Because a curator of the estate of a minor other than the guardian of the person may be appointed under the special provisions of section 5280 or 5288, it does not follow that it is necessary in an order appointing a guardian of the person and estate, that the order should designate the appointee as both guardian and curator. To designate him as guardian is sufficient to give him the custody of the person and of the estate of his ward.

For the reason herein given, the judgment of the circuit court is reversed, with directions that it affirm the judgment of the probate court.    All concur.