In Re ESTATE OF LOONEY; LOONEY, Appellant, v. BROWNING, etc., Respondent.

St. Louis Court of Appeals, April 4, 1905.

1. **GUARDIANS AND CURATORS: Appeal.** Under section 3535 of the Revised Statutes of 1899, appeals will lie from orders or judgments of the probate court in matters arising under the chapter relating to guardians and curators, with the same effect and in the same manner as appeals are allowed in cases of administration.

2. ———: ———: **Order Appointing Curator.** An appeal will not lie from an order of the probate court appointing a curator for the estate of a minor, under said section.

Appeal from Cape Girardeau Circuit Court. — *Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. W. Limbaugh* and *T. D. Hines* for appellant.

An appeal lies from a judgment of the probate court in cases of this kind. R. S. 1899, sec. 3535; R. S. 1899, sec. 278, sub. 15; Garrison v. Lyle, 38 Mo. App. 558; Burge v. Burge, 94, Mo. App. 20, 67 S. W. 703; State ex rel. Betts v. Megown, 89 Mo. 156; State v. Mitchell, 3 Brevard (S. C.) 520; Fletcher v. Fletcher, 59 Vt. 98; State v. Williams, 9 Gill (Md.) 173; Senseman's Appeal, 21 Penn. St. 331; Schouler on Executors and Administrators, 161.

*W. H. Miller* for respondent.

No appeal will lie from a judgement or order of probate court appointing an administrator or guardian. It is fundamental that no appeal can be taken from any order of a probate court unless specifically provided for by statute. Section 3535, R. S. 1899, reads as follows: "Appeals shall be allowed from any final order or judgment of the probate court under this chapter at any time during the term or within six months thereafter in like manner and with the same effect as appeals are allowed in cases of administration of the estates of deceased persons." State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S. W. 968; Burge v. Burge, 94 Mo. App. 20, 67 S. W. 703.

GOODE, J.—The contest in this case is over the appointment of a curator of the estate of Mamie P. Looney, a minor child and the daughter of J. R. Looney, deceased. T. J. Browning was appointed curator of the minor's estate by the probate court of Cape Girardeau county. About a year earlier he had been appointed administrator of the estate of the deceased father of the minor. Browning was also the guardian of the person of the minor at the time he was appointed curator. The mother of the child died in childbirth and the father took the child immediately afterwards to

Browning, who was his neighbor and friend, and en-
trusted her to Browning's care.   J. R. Looney died in
1892 when his child was about three years old, leaving
an estate worth $15,000, of which the minor was the
heir.   On February 9, 1903, O. B. Looney, a banker re-
siding in Kansas and brother of the deceased father,
filed a suggestion in the probate court that the infant's
estate was without a curator and asked the court to ap-
point Wm. C. Cracraft, of Cape Girardeau county,
curator.   Two days after, Browning filed a petition ask-
ing that he be appointed curator.   The probate court
heard evidence on the suggestion of O. B. Looney and
the application of Browning and appointed the latter
curator, who qualified by giving bond in the sum of
$30,000.   Afterwards O. B. Looney appealed to the
circuit court from the order appointing Browning.   The
latter court dismissed the appeal on Browning's motion
and from the judgment of dismissal O. B. Looney has
prosecuted an appeal to this court.

The question for decision is whether an appeal lies
from an order of the probate court appointing a curator
for the estate of a minor.   The chapter of the Revised
Statutes respecting guardians and curators says appeals
shall be allowed from any final order or judgment of
the probate court in matters arising under the chapter,
with the same effect and in the same manner as appeals
are allowed in cases of administration of estates of de-
ceased persons.   R. S. 1899, ch. 34, sec. 3535.   For the
appellant it is contended the appointment of a curator
is a final order or judgment within the meaning of that
section, because, it disposes of the question of the right
to the care and custody of the minor's estate.   There are
cases in other States which sanction that proposition.
Senseman's Appeal, 21 Pa. St. 331; Ex parte Miller, 109
Calif. 643; Issacs v. Taylor, 3 Dana (Ky.) 600; Weisne's
Appeal, 39 Conn. 537.   Our statute relating to guardi-
ans and curators is *in pari materia* with the adminis-
tration statute and the two groups of laws receive as

far as possible, a uniform construction. The section of the statute providing for appeals from final orders and judgments of probate courts in administration proceedings, enumerates fourteen specific orders from which appeals may be taken and concludes with a fifteenth clause allowing an appeal "in all other cases where there shall be a final decision of any matter arising under the provisions of this chapter." That clause is analogous to one in the chapter on guardians and curators allowing an appeal from a final order or judgment of the probate court; and unless there is a good reason for holding otherwise, decisions construing the clause of the administration law just quoted, would be in point as to the meaning of the above section in regard to appeals from orders in matters relating to the estates of minors. In State ex rel. Grover v. Fowler, 108 Mo. 465, the Supreme Court was called on to decide whether an appeal lay from the order of a probate court appointing an administrator of an estate. The court said the right to an appeal must be derived from the fifteenth clause of section 289 of the Revised Statutes of 1889 which we have quoted, and which allows appeals from any final decision in a matter arising under the provisions of the administration chapter. The decision was that the statute allowed no appeal from an order appointing an administrator, as the selection of administrators is intrusted to the discretion of the probate courts, subject to certain priorities in the right to administer, depending on kinship; and which the probate court may be compelled to observe by mandamus. Several reasons were assigned why an appeal would not lie from such an order. One was that the statute specifically provides for an appeal from a judgment revoking letters of administration. Another was that there was no provision for the appointment of a temporary administrator to act pending an appeal in a contest as to who shall be administrator. Hence the administration of an estate would be in abeyance during an appeal from an order appointing

an administrator, which fact might be disastrous to the estate. We can think of no reason why that decision is not an authority for holding an appeal will not lie from an order appointing a curator of a minor's estate. We find no provision in the statutes by which the probate court would be authorized to name a curator to act pending the final decision of such an appeal. And, of course, if there is a necessity for a curator, the estate might suffer greatly while waiting for a final decision. It has been decided, too, that an appeal lies from an order or judgment of the probate court refusing to revoke letters of administration, as well as from an order revoking them. Donaldson v. Lewis, 7 Mo. App. 403; Owens v. Link, 48 Mo. App. 534. It will be observed that the administration statutes specifically provide for an appeal from an order revoking letters of administration, but do not specifically provide for an appeal from an order refusing to revoke. The right to appeal in the latter instance is derived from the fifteenth clause, which allows appeals from all final decisions in administration matter. Reasoning by analogy, we should say an appeal would lie, at the instance of an interested party, from an order of the probate court refusing to remove a curator for cause. It is unnecessary to decide that question or whether the uncle of Mamie Looney is a party in interest and would enjoy the right of appeal.

The judgment of the circuit court is affirmed. All concur.