STATE ex rel. HALE YOUNG, Respondent, v. W.
B. M. COOK, Probate Judge, Appellant.

St. Louis Court of Appeals.  Argued and Submitted January 5,
1916.  Opinion Filed February 8, 1916.

1. GUARDIAN AND WARD: Curator: Appointment of Person
Other Than Father: Power of Probate Court.  Sec. 413, R.
S. 1909, providing that, whenever the probate court shall be
satisfied that it will be for the advantage of minors to appoint
a curator of the estate different from the guardian of the per-
son, it shall be lawful to make such separate appointment,
gives the probate court discretion to appoint a person other
than the father curator of the estate of a minor child, not-
withstanding Sec. 403 provides that, "in all cases not otherwise
provided by law," the father shall be the natural guardian and
curator of his minor children, since the authority exercised un-
der Sec. 413 is a "case otherwise provided by law."

2. ———: ———: ———: ———: Right to Disregard
Testamentary Provision.  Where a mother's will left an estate
to her minor children and named as curator of their estate
a person other than their father, the probate court, in exercising
the discretion conferred upon it by Sec. 413, R. S. 1909, to ap-
point a curator of their estate different from the guardian of
their persons, was not concluded by the appointment made in
the will, but had discretion to appoint any fit person.

3. ———: ———: Appointment and Removal: Discretion
of Probate Court: Mandamus.  Even if the circuit court has
power, by mandamus, to compel the probate court to remove
a person as curator of a minor child's estate and appoint an-
other (which is not decided), it has no power to compel that
court to appoint a particular person.

4. MANDAMUS: Function: Controlling Discretion of Re-
spondent.  The function of the writ of mandamus is merely
to require respondent to act, and it is beyond its function to
compel respondent to act in a particular way, where the law
gives respondent discretion with respect thereto.

5. GUARDIAN AND WARD: Curator: Appointment of Person
Other Than Father: Notice.  Where the probate court, pur-
suant to the power conferred by Sec. 413, R. S. 1909, determines
that a person other than the father should be appointed cura-
tor of the estate of minor children, it is not a condition pre-
cedent to the appointment of such other person that the father
be given ten days' notice pursuant to Sec. 404, as that statute
is not applicable.

Appeal from Montgomery Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

REVERSED AND REMANDED (*with directions*).

*E. Rosenberger & Son* for appellant.

(1) Relator has mistaken his remedy. (a) When the probate court refused to sustain relator's motion to remove the testamentary curator, Drunert, and permit the relator to qualify, relator's remedy was by appeal. Owens v. Link, 48 Mo. App. 534; State v. Collier, 62 Mo. App. 38; State ex rel. v. Reynolds, 121 Mo. App. 711. (b) Mandamus lies to require a court to exercise its lawful jurisdiction, but not to coerce a particular judgment, or to rectify an erroneous one. State ex rel. Hyatt v. Smith, 105 Mo. 6. (2) Under section 409 of the Revised Statutes of Missouri for 1909, testamentary guardians or curators are required to notify the probate court or the judge thereof of their acceptance, and to give bond and security within six months after the probate of the will, otherwise the court or judge in vacation may appoint a statutory guardian, as if no appointment had been made by will. This section was fully complied with by the testamentary curator, A. H. Drunert, in this case. State ex rel. Tebbetts v. Holtcamp, Judge, 168 Mo. App. 402, 409; In re Breck v. Rebecca Rickart, 252 Mo. 302. (3) It is the settled law of this State that within six months following the probate of a will, the probate court has no power to appoint a statutory guardian, unless the testamentary guardian has first refused to act, or, if acting, had been removed for cause. State ex rel. Tebbetts v. Holtcamp, Judge, 168 Mo. App. 402; In re Breck v. Rebecca Rickart, 252 Mo. 302; In re Estate of Grimes, 79 Mo. App. 274. (4) The probate court must be governed by the intent and meaning of the testatrix, as gathered from her will. The probate

court has no power to appoint a curator of the estates of said minors, other than the curator named or appointed in and by the last will of Julia Young, deceased, testatrix. Her testamentary appointment of A. H. Drunert as curator of the estates of her minor children, Murry Young and Cecil Young, is conclusive upon the probate-court and must control in this case. In re estate of Grimes, 79 Mo. App. 274; State ex rel. Tebbetts v. Holtcamp, 168 Mo. App. 402; In re Breck v. Rickart, 252 Mo. 302; State ex rel. v. Holtcamp, 252 Mo. 333. (5) When the testamentary curator has complied with the law, as provided by section 409 of the Revised Statutes of Missouri for 1909, with reference to filing his written acceptance and giving bond (as was done by A. H. Drunert, testamentary curator in this case), the probate court, or the judge thereof, has no discretionary power in the matter of appointment of a curator, and in support of this point, the court's attention is directed to the language of section 583 of the Revised Statutes of Missouri for 1909. Snodgrass v. Thomas, 166 Mo. App. 603-609; Murphy v. Corlin, 113 Mo. 112-117; Hurst v. Von De Veld, 158 Mo. 239; Snyder v. Toler, 179 Mo. App. 377. (6) The property bequeathed to said minors, was the separate property of Julia Young, the mother of said minors, over which her husband, Hale Young, had no control, and she had the right and power to dispose of said property as she desired and deemed best for the welfare of her minor children. She had the absolute right and power, by will, to direct and control the management of the property of said minors during their minority, and for their best interests as she intended to do, and did do by her will. Webb v. Hayden, 166 Mo. 39.

O. J. *Mudd* for respondent.

(1) Under the plain provisions of the statute, the appointment of Drunert was premature and un-

authorized, because without notice to respondent and without giving him an opportunity to give bond and qualify. Upon respondent's appearance and application for leave to qualify as curator, it was the duty of the court to remove Drunert and allow him to qualify. Sec. 403, R. S. 1909. (2.) The court is without power, while either parent is living, to appoint another curator of the estate of the child, unless (a) the parent shall refuse or neglect to give bond, where the child has an estate not derived from the parent, or (b) where the parent, after a suggestion of incompetency of parent or waste of estate by parent, on ten days' notice, fails to show cause against such appointment. Secs. 403-404, R. S. 1909. (3) The power of appointment by will is limited to appointment of a guardian of the person, and that only when both parents are dead. Sec. 408, R. S. 1909. (4) The probate court may be directed by mandamus to recognize the father as the natural curator of his infant child, and where the child has property not derived from the father, to fix his bond and allow the father to qualify. State ex rel. v. Fowler, 108 Mo. 465; State ex rel. v. Reynolds, 121 Mo. App. 699; Flick v. Schuck, 212 Mo. 275.

STATEMENT.—Mrs. Julia Young, a married woman, owning property in her own right, by her last will and testament, which was duly probated in the probate court of Montgomery county, on September 16, 1912, devised and bequeathed to her two sons, Murray and Cecil, all of her property, real, personal and mixed, absolutely, "subject only to the provisions hereinafter mentioned. Also any descendable interest I now have, or may hereafter have, in the real estate of my deceased father, or my mother, whether in possession or expectancy." The will further provides that two shares of stock, which the testatrix holds in

the Peoples Bank of Jonesburg, of the par value of $100 per share, shall be divided between her two sons and kept invested for them until they become of age, unless before they become of age their father, Hale Young, should die and it should become necessary to use this money for their education, support or medical attendance. The ninth clause of this will reads: "A. H. Drunert having been uniformly kind and courteous to my two children, and being familiar with my estate, and the estate of my deceased father, and best capable of looking after their interests, it is 'my will and desire that he be appointed curator of the estates of my said children."

Hale Young, the husband of the testatrix and father of the two sons, survived his wife.

At the term of court at which this will was probated, A. H. Drunert appeared in the probate court, and presenting his written acceptance of the curatorship, tendered his bond as such curator. The probate court thereupon entered up an order finding that the children were respectively of the ages of seven and eleven years, and that Drunert, their uncle, had been named as curator of the children by the last will and testament of Mrs. Young, and that the property of the minors required the care, attention and protection of a curator, and that Drunert had filed his acceptance of the trust, and that he is a suitable and competent person for the curatorship, appointed him curator of the estates of the two minors, approving the bond which he had tendered. Afterwards and during the same term of the probate court, Hale Young made application for annulment of the appointment of Drunert and for his own appointment as guardian and curator of the persons and estates of his sons, Murray Young and Cecil Young. The probate court denied the application and declined to annul or cancel the appointment of Drunert, as curator.

Hale Young accordingly presented to the circuit court an application for an alternative writ of mandamus against W. B. M. Cook, as probate judge of Montgomery county, to compel him to set aside his order appointing Drunert curator and to appoint Hale Young as such curator in lieu of Drunert. An alternative writ was issued, setting out the proceedings in the probate court as above and commanding the probate judge, immediately on receipt of the writ, to annul and set aside the order appointing Drunert curator and that he make and enter an order appointing Young curator of the estate of his minor sons, the probate judge or court fixing the amount of the bond which he may deem proper to be given by Young as curator, allowing him to make and deliver his bond and in all respects to qualify as curator, or show cause to the contrary.

A demurrer was filed to this and that being overruled, the probate judge filed a return. In this return he set up the matters as they occurred in his court at great length. Among other things the probate judge sets up that in appointing Drunert, he, as probate judge, had shown due regard to the directions of the will and the true intent and meaning of the testatrix in the matter of the appointment of a curator of the estate of her minor children and that he had found as probate judge that Drunert was a suitable and competent person for the curatorship, and he accepting and giving bond, which was approved, had appointed him as such curator. He further set up that after hearing arguments on the application of Young for his own appointment and the vacation of the appointment of Drunert as curator, he had denied it. The return also contains an elaborate argument and citation of the statutes as well as the provisions of the will in support of the action of the probate judge, further averring that the matter of appointment of a cura-

tor, in the absence of a will, rests largely within the discretion of the probate judge but that where a curator is appointed by will, if the one appointed is qualified, it behooves the probate court to appoint the person so designated, if he accepts and qualifies, as here was the case. On the coming in of this return, relator filed his motion to quash it on the ground that the matters and things set out in the return show no cause why the respondent should not obey the commands of the alternative writ, and moved the court for a rule and order quashing the return and that the alternative writ be made peremptory. This was done, the writ made peremptory, following the command as in the alternative writ. From this the probate judge has appealed to our court.

REYNOLDS, P. J. (after stating the facts).—In his argument before us learned counsel for appellant state that the sole and only questions arising in the record are, first, "under the laws of this State has a mother, who is a married woman, owning property in her own right, and who dies leaving minor children, a right by last will and testament to name a testamentary curator, other than the father, for those minor children? Or is such a provision in her will null and void, and can the father, the surviving husband, notwithstanding that the mother has named a testamentary curator, who has accepted the appointment and duly qualified, go into the probate court and have the appointment of such testamentary curator set aside and canceled, and be appointed as curator in lieu of the testamentary curator?" Learned counsel for respondent here accepts this as correct. A second proposition made by counsel for appellant, namely, that where the testamentary curator has duly qualified and the father files his application in the probate court to have the curator removed and be appointed in his stead, and the probate court refuses so to do, is mandamus the proper

remedy? On this second proposition, learned counsel for respondent here claims that it would be more accurately stated to put it in this form, namely, "where the probate court, disregarding the superior right of the father, appoints another curator for his children, and where the father files a timely application to the court to fix his bond and allow him to qualify as natural curator, and to clear the way for that by nullifying the prior appointment, and the probate court refuses to allow him to qualify as such curator, may the probate court be directed by mandamus, to permit the father to. qualify?"

As to this, that is, whether mandamus or an appeal should lie here, we have concluded to pass it, deeming it is better and more conducive to the speedy ending of litigation to determine this case on its real merits. We are more inclined to do this for the reason that it cannot be said that the authorities in our State are altogether in harmony on it. We refrain from here determining it one way or the other.

Learned counsel for respondent contends that under the plain provisions of the statute the appointment of Drunert was premature and unauthorized because made without notice to him and without giving him an opportunity to give bond and qualify, and that upon respondent's appearance and application for leave to qualify as curator, it was the duty of the court to remove Drunert and allow him to qualify. Section 403, Revised Statutes 1909, is referred to for this. That section provides:

"In all cases not otherwise provided for by law; [italics ours] the father, while living, and after his death, or when there shall be no lawful father, then the mother, if living, shall be the natural guardian and curator of their children, and have the custody and care of their persons, education and estates; and when such estate is not derived from the parent acting as

guardian and curator, such parent shall give security and account as other guardians and curators, and if such parent refuse or neglect to give such bond, the probate court, or judge in vacation, shall appoint some competent person as curator to take charge of and manage such property.''

This section was amended by Act approved March 20, 1913 (Laws 1913, p. 92) to include the mother along with the father, giving the mother equal powers, rights and duties along with the father and continuing it to the survivor in case of the death of either. But this amendment does not apply to the present action, and we need not consider it, treating the case as one which arose before section 403 was amended.

It is further contended that under section 404, Revised Statutes 1909, the father, when it is sought to pass him by as curator in favor of another, is entitled to ten days' notice of the proposed action.

It is further contended that under section 408, Revised Statutes 1909, the power of appointment by will of guardians of the person, is only given when both parents are dead, and it is argued that when the term ''guardian'' is used, it includes both guardian of the person and curator of the estate.

It is true that when using the term ''guardian'' generally and without further determination, the term covers both guardian of the person and curator of the estate. But our law very clearly provides for the separation of the two offices. Thus section 408, Revised Statutes 1909, above referred to, provides:

''The lawful parent of any minor, not having been adjudged unfit for the duties of the guardianship of such minor, may, when the other lawful parent is dead, and only in such case, by will, appoint a guardian of the person of such minor, who, if he accept, shall give bond and security, and be in all things upon the same footing as guardians appointed by the court or chosen

by the minor, except that the minor shall not be allowed to choose another guardian upon arriving at the age of fourteen years, unless the testamentary guardian decline to serve longer and notify the court thereof, or his appointment be revoked."

Section 413, Revised Statutes 1909, provides:

"Whenever the court, or judge in vacation, shall be satisfied that it will be for the advantage of minors to appoint a curator of the estate, different from the guardian of the person, it shall be lawful to make such separate appointment for minors under fourteen years of age and to allow those over that age to make such separate choice, subject to the approval of the court as heretofore directed."

Our courts have recognized this in many cases. Thus, In re Estate of Grimes, 79 Mo. App. 274, a married woman, by her last will, requested that her children be left in care of her husband and that her father assist and help in general supervision of things, and that they be appointed guardians, the testatrix writing, "I do not want anyone else to act in this matter but the above named. And that the children have a good education is my desire." The probate court of Newton county appointed one Putman guardian and curator of the minor children. The grandfather learning of this appeared in that court and asked to have the appointment set aside and that he be appointed guardian, producing the will, which contained the above provision. It appeared that the father had refused to qualify. Upon the grandfather appearing and applying he was appointed "guardian" by the probate court and qualified, Putman being removed. From this Putman appealed to the circuit court, where the action of the probate court was reversed. From this the grandfather appealed to our court, where the circuit court was in turn reversed and the action of the probate court affirmed. It was contended by Put-

man that the appointment of the grandfather was as guardian only and not as curator, and that he (Putman) having been first appointed curator was entitled to hold. Our court said (1. c. 278):

"No such narrow and technical construction can be given to the appointment of Bass (the grandfather). The will plainly indicates that the testatrix intended that he should be both guardian of the person and of the estate, and the authorities are that unless the testamentary guardian is restricted by the terms of the will that he takes the custody of the person and the estate of his wards. . . . Testamentary guardians possess the same powers and have the same rights as other guardians. . . . Guardian and curator, when applied to an estate, have the same meaning. [Easley v. Bone, 39 Mo. App. 388.] And where one is appointed guardian, unless the appointment is restricted to the person, he is entitled to the custody of both the person and estate of the ward. Because a curator of the estate of a minor other than the guardian of the person may be appointed under the special provisions of sections 5280 or 5288, Revised Statutes 1889 (now sections 404 and 413, Revised Statutes 1909), it does not follow that it is necessary in an order appointing a guardian of the person and estate, that the order should designate the appointee as both guardian and curator. To designate him as guardian is sufficient to give him the custody of the person and of the estate of his ward."

We accordingly reversed the action of the circuit court and affirmed that of the probate court.

In the case In re Breck, 252 Mo. 302, 158 S. W. 843, our Supreme Court, referring to In re Grimes, supra, said (1. c. 330) that in that case the guardianship sought to be conferred "being conferred by general words was a general guardianship, i. e., both a guardianship of the persons and a guardianship of the

estates of the Breck children.'' No authority, however, that we know of confounds the duties, or obligations or responsibilities of the guardian of the person and curator of the estate, when either by the law, or by a will or other instrument, a distinction is intended to be made.

In the case at bar, the mother, her husband and the father of the children living, did not attempt to disturb the guardianship of their persons, which the law placed in the father. Very distinctly she committed to another other than the father, that is to Mr. Drunert, the curatorship of the estate of her children alone. She did this by will, that is to say, by her will she made other provision for the curatorship of the estates of her children. In this the probate court followed the directions of that will, relying upon section 583, Revised Statutes 1909. That our statutes and decisions recognize the right of appointment of a testamentary curator, is clear. But we cannot agree with the contention of the appellant here, that the probate court was, by force of that will, or under the law, bound to recognize the appointment so made, and precluded from making any appointment as curator, other than the one named in the will. It was for the probate court, before naming that person, to be satisfied that he was a fit person. The statute, by section 413, as we have seen, in terms, placed the duty upon that court to select a fit person as curator, whenever it or its judge ''shall be satisfied that it will be for the advantage of minors to appoint a curator of the estate, different from the guardian of the person.'' Herein is found a provision of the law other than the general one made by section 403. That is to say, section 403 provides that ''in all cases not otherwise provided for by law,'' the father, if living, shall be the ''natural guardian and curator.'' By section 413, it is provided that when the probate court or judge thereof is ''sat-

isfied that it will be for the advantage of minors to appoint a curator of the estate, different from the guardian of the person," it shall be lawful to do so. Thus it is here "otherwise provided by law" for the appointment of one other than the father.

Beyond question, the meaning of our law before the amendment of 1913, was that the father, when living, should be the natural guardian of the person of the minor children. But there is no such ironclad provision as to curatorship. Section 413 makes the exception. We do not understand that the right of the father to act as natural guardian of the persons of his minor sons is here questioned or involved. The probate court did not appoint Drunert guardian of the persons of the minors; it appointed him merely as curator of their estates, as it had the undoubted right to do under section 413. That in doing so he was largely governed by the provisions of the will of Mrs. Young, is doubtless true. The question is, was his action within the law? Outside of the will, when he found that Drunert was a fit person to be such curator, section 413 authorized him to make the appointment. In doing so, we think the probate judge was within his right. In addition to this, and in the absence of any showing of the unfitness of Drunert to act as curator, we think the probate judge acted wisely in lending force to the provisions of the will, not holding, to repeat, that the will concluded him or divested him of the power conferred upon him by section 413. So we hold that the action of the circuit court was error in overturning that of the probate court.

We might add that in the appointment of a curator of the estates of minors, a discretionary power being lodged in the probate court to determine the fitness of the applicant, the circuit court, without any reservation of the right in the probate court to inquire

into the fitness of Young, saw fit to direct that court to appoint him. While we may concede, for the purposes of this case, without deciding it, that the probate court may, by mandamus, be compelled to remove one and appoint another as guardian and curator, it is not within the power of the circuit court, or of any court, by mandamus, arbitrarily to compel that court to select any particular person or take any particular line of action, when judicial discretion is involved. The most that could have been done under this writ of mandamus, would have been to direct the probate court to act on the relator's claim in accordance with the principles which the circuit court may have laid down. It had no power to compel that court to a definite line of action.

It is urged that under section 404, Revised Statutes 1909, Young, the father, was entitled to notice before he was passed by as curator and Drunert appointed. We do not think this section has any application to the situation here presented.

Our conclusion is that the judgment of the circuit court should be reversed. It is so ordered and the cause remanded to that court with directions to set aside and quash the order which it issued in this cause against the appellant as probate judge. *Nortoni* and *Allen, JJ.*, concur.