# In re MARGARET SMITH; MARGARET PETERS, Petitioner.

St. Louis Court of Appeals, March 12, 1917.

1. **PARENT AND CHILD: Custody of Child: Rights of Surviving Parent.** Under Sec. 403, R. S. 1909, as amended by Laws 1913, p. 92, the surviving parent of a minor child is its guardian, and is entitled to its custody, in the absence of a valid and subsisting judgment, order or decree of a court of competent jurisdiction, adjudging him or her to be incompetent or unfit.

In re Smith.

2. ———: ———: **Appealable Judgments:** "Final Judgment." A judgment of the probate court adjudging the surviving parent of a minor child to be incompetent and unfit to have its custody is a final judgment, from which an appeal lies to the circuit court, under Sec. 463, R. S. 1909, and the taking of such an appeal, with bond, operates to suspend the judgment, leaving the cause for trial *de novo* in the circuit court; overruling Looney v. Browning, 112 Mo. App. 195 and Smith v. Young, 136 Mo. App. 65.

3. ———: ———: **Habeas Corpus.** Where a minor child is in the lawful custody of its surviving parent, such custody will not be awarded to another, on *habeas corpus*, on account of a judgment of the probate court finding the parent to be an unfit person, where the parent appealed to the circuit court from such judgment and gave bond; the appeal operating to suspend the judgment, so that, there being no valid and subsisting judgment adjudging the parent unfit, he is entitled to the custody of the child under Sec. 403, R. S. 1909, as amended by Laws 1913, p. 92.

## Habeas Corpus.—Original Proceeding.

WRIT QUASHED.

*Peers & Peers* for petitioner.

(1) The probate court of the city of St. Louis is a court of general jurisdiction in probate matters and its judgments are final and binding in all matters, except in those cases wherein the law has provided that appeals can be taken therefrom. (2) No appeal lies from a judgment of the probate court appointing a guardian of a minor. Looney v. Browning, 112 Mo. App. 195; Smith v. Young, 136 Mo. App. 65; State ex. rel. v. Fowler, 108 Mo. 465; Flick v. Schenk, 212 Mo. 275. (3) Regardless of the question as to whether or not an appeal will lie from an order of the probate court appointing a guardian, a circuit court, or a court of appeals, or the Supreme Court has the power to take from any one the custody of a minor of tender years and to award such custody to another temporarily, if it shall seem to the court to be to the best interest of the child so to do. In re Laura Doyle, 16 Mo. App. 159, l. c. 165-166; In re Delano, 37 Mo. App. l. c. 185-187; In re Mable Nofsinger, 25 Mo. App. 116, l. c. 120; Ex

parte, Thamm, 10 Mo. App. 595; In re Harriet King, 66 Kan. 695, 67 L. R. A. 783; Brewer v. Cary, 148 Mo. App. l. c. 206-215.

*Alexander R. Russell* for respondent

(1) By the common law and by statute, the surviving parent is the natural guardian of his children, until removed according to law. Laws, 1913, p. 92; Smith v. Young, 136 Mo. App. 65. (2) Appeals are allowed by statute from every final order of the probate court relating to guardian. Section 463, R. S. 1909; State ex rel. v. Reynolds, 121 Mo. App. 699; In re Brinckwirth, 186 S. W. (Mo.) 1048; State ex rel. v. Allen, 92 Mo. 20; State ex rel. v. Bird, 253 Mo. 569. (3) When an appeal is allowed and bond given, the judgment of the probate court is superseded and suspended pending the appeal. Cuendet v. Henderson, 166 Mo. 657; State ex rel. v. Bird, 253 Mo. 569.

ALLEN, J.—This is an original proceeding in *habeas corpus*. The petitioner, Margaret Peters, is the maternal grandmother of Margaret Smith, a child about four years of age, and seeks by the writ to obtain the custody of said child, who is now in the possession of respondent, Charles A. Smith, the father thereof.

The return to the writ sets up that the respondent is the father of the child, and that the latter is now in his possession; that the child's mother, Maud Smith, departed this life on February 5, 1916, "ever since which time respondent has been the sole and surviving parent of said infant and her sole and exclusive guardian under the laws of the State of Missouri, and more particularly under section 403 of the Revised Statutes of Missouri 1909, as amended by the act of the Legislature approved March 20, 1913, Laws 1913, p. 92."

The return then alleges that upon the death of the child's mother the petitioner herein "claimed and retained possession of said infant without any authority of law or right and continued in said possession until the 20th day of February, 1917;" that on March 11, 1916,

the petitioner instituted a proceeding in the Probate Court of the City of St. Louis seeking to have herself appointed guardian of the child, and that in that proceeding the probate court, on July 8, 1916, rendered its judgment, adjudging respondent to be an incompetent and unfit person to have the care and control of his said child and appointing the petitioner herein guardian thereof; providing, however, that this respondent have the custody and control of the child, at his residence, "on each alternate Sunday from nine o'clock a. m. until six p. m., and on each alternate Wednesday between the same hours, beginning on June 12, 1916." It is then averred that within the time prescribed by law respondent duly filed his affidavit for an appeal from the finding and judgment of the probate court, and tendered an appeal bond which was approved by the court, and that respondent was granted an appeal to the circuit court of the city of St. Louis, to which court the papers relating to the cause have been duly transmitted, and where the appeal is now pending awaiting a trial of the issues therein. And it is averred that by reason of such appeal the aforesaid judgment of the probate court "was superseded, vacated and set aside."

And respondent, in his return, says that the petitioner herein is not and never has been lawfully entitled to the custody and possession of said child, and that petitioner's possession thereof from February 5, 1916, to February 20. 1917, was "wholly without any legal authority or right and in plain violation of the rights of the respondent to the custody, care and society of his said child;" and that on February 20th, 1917, "wholly within his rights as the father and sole and exclusive guardian of his said child, respondent took possession of his said child, Margaret Smith, and, as is his right and duty, now has the actual possession and custody thereof."

The return further sets up that on February 22, 1917, the petitioner herein sued out a writ of *habeas corpus* in the circuit court of the city of St. Louis, directed to respondent, demanding him to produce the

child before that court, to which writ respondent made return; and that "upon a hearing and full consideration of said matter said Margaret Smith was remanded to the custody of your petitioner (respondent), and . . . that there is now in force and effect no order, judgment or decree of any court in any wise impairing or denying the right of your petitioner (respondent) to the custody of his said child, Margaret Smith. And respondent "denies that the said Margaret Smith is unlawfully restrained of her liberty by anyone," but avers that she is "in the lawful custody of respondent as her sole and surviving parent and guardian, and that pending the final determinaton of the matter appealed from the probate court to the circuit court of the city of St. Louis . . . . respondent is entitled to such custody, and the petitioner has no right to the possession of said infant or to disturb the respondent in the exercise of his said rights until such time as the right to be guardian of said infant has been finally determined in her favor."

To this return of respondent the petitioner herein has demurred; and the proceeding before us has been submitted upon said return and petitioner's demurrer thereto.

In view of the allegations of the return, confessed by the demurrer, we regard it as entirely clear that if the judgment of the probate court, in the guardianship proceedings mentioned in the return, is a judgment or order from which an appeal lies, then respondent's appeal therefrom, with bond, suspends such judgment, and our writ must be quashed. There is no issue of fact whatsoever before us, but on the contrary the demurrer to the return raises purely a question of law. The averments of the return, admitted by the demurrer, are that this child was in the custody of its mother until the latter's death in February, 1916, when this petitioner, the maternal grandmother of the child, "claimed and retained possession" of the latter and continued in such possession until February 20, 1917; that on March 11, 1916, the petitioner instituted the aforesaid proceeding in the probate court, resulting in the judgment mentioned; that respondent's appeal from that judgment,

with bond, is now pending in the circuit court; and that in the meantime respondent, the father, has obtained possession of the child. As to the manner in which he obtained that possession, all that we have before us is the averment of the return, admitted by the demurrer, that "wholly within his rights as the father and sole and exclusive guardian of his said child, respondent took possession of his said child." Stripped of its conclusions this portion of the return merely shows that the father in some manner gained possession of the child. *Nor is any issue here as to the fitness of respondent to have the custody of his child.*

It is admitted that respondent is the surviving parent. And, under the statute (section 403, Revised Statutes 1909, as amended, Laws 1913, p. 92), he is the guardian of the child and entitled to the custody thereof, in the absence of any valid and subsisting judgment, order or decree of a court of competent jurisdiction, adjudging him to be an incompetent or unfit person to have such custody. He was so adjudged incompetent and unfit in the proceeding in the probate court; and if that judgment is now in force and effect, and not suspended by the steps taken by respondent to appeal therefrom, then the demurrer to the return herein is well taken; but if, as respondent contends, an appeal will lie from such a judgment, then the judgment of the probate court has now no vitality whatsoever, and the proceeding below is merely one pending for a trial *de novo* in the circuit court.

It is here made to appear that the judgment of the probate court is one adjudging respondent an incompetent and unfit person to have the care and custody of his child, and appointing this petitioner guardian thereof. That such a finding and judgment is a "final order or judgment of the probate court" from which an appeal will lie under the statute, we have no doubt. The statute (section 463, Revised Statutes 1909, being a part of article XVII of chapter 2 of the revision of 1909, entitled "Guardians and Curators of Minors") is as follows:

"Appeals shall be allowed from any final order or judgment of the probate court under this article, at any time during the term, or within six months thereafter, in like manner and with the same effect as appeals are allowed in cases of administration of the estates of deceased persons."

In the cause entitled "In Re Brinkwirth's Estate," 186 S. W. 1048, a motion was filed in the probate court seeking to remove the public administrator as curator of the estates of certain minors and for the appointment of the applicants, uncles of the minors, as curators and guardians of their persons and estates. From a judgment of the circuit court affirming a judgment for the defendant public administrator the movants appealed to the Supreme Court. In disposing of the contention made that no appeal would lie from the order or judgment of the probate court therein, the Supreme Court, in an opinion by Brown, C., after quoting section 463, supra, said:

"It will be observed that no attempt is made to enumerate the matters in which an appeal is authorized under that article, but *it applies equally to 'any final order or judgment,'* and that the reference to cases of administration of estates *prescribes only the practice and effect of the appeal, and not to the class of cases in which it shall be allowed.* (Italics ours.) The only requirement is that it shall be a final order or judgment. We can only inquire here whether or not the order of the probate court comes within that description. Of that there can be no doubt, nor is its finality as to the matter before the court questioned by the appellant."

Continuing, the opinion distinguishes the cases of State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S. W. 968, and Flink v. Schenk, 212 Mo. 275, 110 S. W. 1074, as being cases which construe what is now section 289 of the Revision of 1909, and not the section here involved. It is distinctly announced that the court adheres to its opinions in the last-mentioned cases, but that they fall far short of justifying the court "in disregarding the meaning, expressed too plainly to admit of con-

struction, of section 468, which allows appeals from all final orders and judgments of the probate court under that article," i. e. article 17 of chapter 2, supra, relating to "Guardians and Curators of Minors."

We regard it as entirely clear that the decision in the Brinkwirth case is decisive of the question before us. That the finding and judgment of the probate court here involved is a "final order or judgment" of that court, within the meaning of section 463, supra, we have no doubt. Indeed, under the plain provisions of the statute, it is impossible to see how the matter could be otherwise determined. In this connection see, also, State ex rel. Baker v. Bird, 253 Mo. 569, 162 S. W. 119.

Petitioner lays much stress upon the decisions of this court in Looney v. Browning, 112 Mo. App. 195, 86 S. W. 564, and Smith v. Young, 136 Mo. App. 65, 117 S. W. 628. The opinion in the Looney case, proceeding upon the theory that our statutes relating to guardians and curators are in *pari materia* with the administration statutes, construed what is now section 463 according to the reasoning of the opinion of the Supreme Court in State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S. W. 968, which construed and applied the corresponding section of the administration law, viz., section 289 of the Revision of 1909. But it is clear that the Supreme Court in the Brinkwirth case, supra, while adhering to its decision in State ex rel. v. Fowler (and in Flick v. Schenk, supra, which followed it) holds that section 463, providing for appeals from final orders and judgments under the article relating to guardians and wards is to be construed without reference to the corresponding section of the administration statutes; that, in determining the right of appeal in cases arising under section 463, the only inquiry is whether or not the order or judgment of the probate court is a final order or judgment. The Looney case should therefore no longer be followed. And with it falls also so much of the opinion in Smith v. Young, supra, as is predicated upon the decision in the Looney case.

The judgment of the probate court here involved being one from which an appeal lies, and the respondent having duly perfected an appeal therefrom, with bond, there can be no doubt that the appeal operates to suspend the force and effect of the judgment, leaving the cause one for trial *de novo* in the circuit court. This being the case, and no question as to the fitness of respondent to have the custody of his child being involved, and he now having the lawful custody thereof, so far as appears by the issues made before us, we cannot by our writ take the child from his custody.

It follows that our writ of *habeas corpus* heretofore issued herein must be quashed, and it is accordingly so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.