STATE of Missouri ex rel. Clea POPE,
Relatrix-Appellant,

v.

Hon. Henry L. LISLE, Barton County
Probate Judge, Respondent.

No. 9075.

Springfield Court of Appeals,
Missouri.

July 22, 1971.

**842**

Gordon R. Boyer, Boyer & Ratzlaff, Lamar, for relatrix-appellant.

John R. Miller, Lamar, for respondent.

TITUS, Presiding Judge.

Relatrix is the mother of four-year-old Chi Chi Pope; respondent is the Probate Judge of Barton County. Upon the representation that Chi Chi was the sole beneficiary of a $10,000 insurance policy written on the life of her deceased father, relatrix and the child's paternal grandfather separately petitioned the probate court for appointment as guardian for Chi Chi's estate. Following a hearing and determination that each petitioner was unfit, both applications were denied and the probate court appointed the public administrator as guardian. Immediately thereafter relatrix filed her "Petition for Writ of Mandamus" (and subsequently an amended petition) in the Circuit Court of Barton County. An alternative writ was issued directing respondent to show cause why the public administrator's appointment should not be set aside and why relatrix should not be appointed guardian of her daughter's estate. Respondent filed a "Motion to Dismiss Alternative Writ of Mandamus" and relatrix countered with a "Motion for Judgment on the Amended Petition." Relatrix has now appealed from the circuit court's judgment which overruled her motion and sustained respondent's motion by dismissing the alternative writ with prejudice.

Some of the issues presented on appeal suggest that the procedures followed in the trial court equal the scientific acumen employed by dowsers. Our disposition of this cause makes a specific determination of those issues unnecessary. However, it is not amiss that all involved with mandamus

should con State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert, Mo.App., 424 S.W.2d 73, 75–76(1–6), which embodies a most sagacious critique on the subject. See also State ex rel. Brandon v. Hickey, Mo.App., 462 S.W.2d 159, 160–161 (4, 5), and Rule 94.01 et seq.; § 529.010 et seq. (References herein to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to RSMo 1969, V.A.M.S.)

We do not know what reasons may have guided the court nisi to its judgment. Nevertheless, our concern is whether a correct result was reached, and not in determining what those reasons may have been or whether they were right or wrong. White v. Smith, Mo.App., 440 S.W.2d 497, 512(21). A litigant seeking a writ of mandamus must show that he is possessed of a clear, unequivocal right to the remedy [State ex rel. Christian v. Lawry, Mo.App., 405 S.W.2d 729, 731(7)], for mandamus will not issue in doubtful cases. State ex rel. Burke v. Ross, Mo.App., 420 S.W.2d 365, 368(10). Mandamus, as a general rule, will not lie if an adequate remedy by appeal exists (State ex rel. University Bank v. Blair, 365 Mo. (banc) 699, 700, 285 S.W.2d 678, 679(2); 55 C.J.S. Mandamus § 22, pp. 51–56), and although a party has lost such a remedy through negligence or ignorance of the right of appeal, he will not be entitled to a mandamus on the ground of the then insufficiency of the ordinary remedy at law. State ex rel. Scott v. Scearce, Mo. App., 303 S.W.2d 175, 180(4); 52 Am.Jur. 2d, Mandamus, § 61, at p. 385.

"The circuit courts shall have * * * appellate jurisdiction as provided by law." V.A.M.S.Const. art. V, § 14. The law provides that "[a]ppeals from orders, judgments or decrees of the probate court shall be taken to the circuit court" (§ 472.200) and that circuit courts shall have "[a]ppellate jurisdiction from the judgment and orders of * * * probate courts * * * in all cases not expressly prohibited by law, * * * and a general

control over * * * guardians, curators [and] minors." § 478.070, subd. (4). We are aware of no statute prohibiting appeals from orders of a probate court adjudging a mother unfit to serve as guardian of her daughter's estate and appointing the public administrator as such guardian. To the contrary, § 472.160, subd. 1(15) states that "[a]ny interested person aggrieved thereby may appeal from the order, judgment or decree of the probate court * * * [i]n all other cases where there is a final order or judgment of the probate court under this Code except orders admitting to or rejecting wills from probate." Section 478.070, subd. (4), supra, has been held to bestow a right to appeal from any final judgment of the probate court irrespective of the branch of that court in which the judgment is made. In re McMenamy's Guardianship, 307 Mo. (banc) 98, 122(10), 270 S.W. 662, 669(11); Baker v. Smith's Estate, 223 Mo.App. 1234, 1241, 226 Mo. App. 510, 517, 18 S.W.2d 147, 151. This latter ruling is augmented by the statutory definition [§ 472.010, subd. (5)] that the " 'probate code' means" Chapter 475 (guardianship), and § 475.020 which directs that "[t]he provisions of chapter 472, RSMo, unless therein restricted to decedents' estates, apply to guardianships." We are constantly reminded that statutes providing for appeal are to be liberally construed and that all doubts are to be resolved in favor of the right of appeal. In re Dugan's Estate, Mo.App., 309 S.W.2d 137, 143(13, 14). When §§ 472.100 and 475.070 (notice to interested persons) are considered together with other mentioned statutes, we cannot escape the conclusion that a natural mother qualifies as an "interested person" in the appointment of a guardian for her child's estate, and, having a right to such appointment "if otherwise qualified" [§ 475.045, subd. 1(1)], that a mother would be aggrieved by a final order of the probate court which disqualified her from that office. State ex rel. Kassen v. Carver, Mo.App., 355 S.W.2d 324, 329–330 (7).

There was a time when Missouri authorities were not in harmony as to whether mandamus or appeal would lie from the order of the probate court refusing to appoint a parent as guardian of his child's estate. State ex rel. Young v. Cook, 193 Mo.App. 276, 283, 183 S.W. 365, 366–367. Long prior to our present code, Looney v. Browning, 112 Mo.App. 195, 86 S.W. 564, and Smith v. Young, 136 Mo.App. 65, 117 S.W. 628, held that no appeal would lie from the order of the probate court involving the appointment of a curator for a minor. However, on the basis of § 463 RSMo 1909, which was not unlike present laws previously noted, the same court that adopted Looney and Smith, expressly overruled their holdings in Ex parte Smith, 197 Mo.App. 200, 207, 193 S.W. 288, 290. The probate court in Ex parte Smith adjudged the father unfit, appointed the maternal grandmother guardian of the child, and the father appealed to the circuit court. Regarding the appealability of the order, the court of appeals said: "That such a finding and judgment is a 'final order or judgment of the probate court,' from which an appeal will lie under the statute, we have no doubt." Ex parte Smith, supra, 197 Mo.App. at 205, 193 S.W. at 289(2). Also, see again State ex rel. Kassen v. Carver, supra, 355 S.W.2d at 331.

■■ Relatrix has made no claim that a trial de novo of the cause in the circuit court following an appeal (§ 472.250) would not have been adequate or equally as efficient as mandamus. State ex rel. Keystone Laundry and Dry Cleaners, Inc. v. McDonnell, Mo., 426 S.W.2d 11, 15(5). She simply rests upon the erroneous conclusion that the probate court's "Order is not appealable" and the unsupported supposition that she "has no complete and adequate remedy at law." While in the first instance, relatrix may not have been required to detail the reasons, if any, why she had no remedies through appeal or the usual proceedings at law, her conclusions to that effect would be sufficient only if the facts alleged

disclosed that no adequate ordinary remedy existed. State ex rel. Downs v. Kimberlin, 364 Mo. (banc) 215, 223–224, 260 S.W. 2d 552, 557(7). The facts alleged do not indicate the absence of an adequate ordinary remedy or demonstrate a clear, unequivocal right to mandamus. Consequently, the trial court reached the correct result and the judgment appealed from is affirmed.

STONE and HOGAN, JJ., concur.