In the Matter of the ESTATE of Lori
Diane BARKS, a minor.

No. 9243.

Missouri Court of Appeals,
Springfield District.

Dec. 13, 1972.

Ted M. Henson, Jr., Poplar Bluff, for petitioners-appellants.

Ralph R. Bloodworth, Bloodworth & Bloodworth, Poplar Bluff, for respondent.

TITUS, Chief Judge.

Lori was one and one-half years old when her parents were killed in an automobile accident. Respondent, Lori's maternal grandmother, was appointed guardian of the child's person and estate by the Probate Court of Butler County. The paternal grandparents of Lori, appellants herein, filed a petition asking the probate court to revoke respondent's letters of guardianship and to appoint them in her stead. By way of appeal from the order appointing respondent Lori's guardian [§ 472.160, subd. 1(15)] [1] and because the probate judge was disqualified to hear appellants' petition (§ 472.060), the matter found its way to the

Circuit Court of Butler County which ruled against the appellants. Having experienced no success with their after trial motions, appellants appealed to this court.

## I.

Appellants' first claim is that the trial court erred in denying their application for disqualification of the judge.

After the cause had been set and reset for trial in the circuit court on various occasions, it was finally scheduled for trial on the merits for September 14, 1971. On that date the parties appeared personally with their respective attorneys, testified, presented the testimony of some nine additional witnesses, and rested. Thereupon the circuit court took the matter under advisement "for the filing of Briefs." Three months thereafter the following order was entered: "Now on this 14th day of December, 1971, leave of Court first had and obtained, comes the [appellants] herein, by counsel and withdraws submission of heretofore presented." [Sic].[2] Then on December 21, 1971, appellants filed a "Petition to Disqualify The Honorable Rex A. Henson," together with a notice that appellants would "present the attached Petition to the above named Court for disposition" on January 11, 1972. Respondent filed written objections to appellants' withdrawal of submission and petition because "the said cause has already been submitted and tried by the Court before the petition to disqualify the Judge was filed." When counsel appeared on January 11, 1972, in response to appellants' notice, supra, the court, "after hearing [respondent's] objections and now being sufficiently advised," revoked its December 14, 1971, order permitting appellants to withdraw submission, denied the application for disqualification of judge, and entered judgment for respondent and against the appellants.

---

1. Statutory and rule references are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

2. We assume, without knowing for certain, that withdrawal of submission by appellants was to afford them the opportunity to submit additional evidence even though they had previously rested.

In part, Rule 51.06(c) states: "An application . . . for disqualification of the judge must be filed . . . not less than five days before the date set for trial [of the case] on the merits . . . ." The right to disqualify a judge is a privilege, and strict compliance with provisions of the rule is essential. Erhart v. Todd, Mo., 325 S.W.2d 750, 752(1). Regardless of what effect, if any, appellants' withdrawal of submission may have had upon the trial court's progress toward final determination of the issues, it could not effect a change in the date the case had been set for trial on the merits. Appellants' motion not having been filed until more than three months after the date set for trial [Kelch v. Kelch, Mo., 450 S.W.2d 202, 205; Kelch v. Kelch, Mo.App., 462 S.W.2d 161, 163(1)], and not having been filed until after the trial had been started [State ex rel. Darling and Company v. Billings, Mo. (banc), 435 S.W.2d 377, 380(3)] was not timely. The trial court was correct in denying the application for disqualification.

## II.

Appellants' second point that "[t]he trial court erred at the hearing of September 14, 1971, in not conducting a de novo and plenary hearing and in not receiving all evidence offered by appellants," is without merit simply because the statement is incorrect. The appeal by appellants to the circuit court was from the probate court's order appointing respondent the child's guardian [Ex parte Smith, 197 Mo.App. 200, 205, 193 S.W. 288, 289(2)]; appellants' petition to revoke respondent's letters and have themselves appointed the guardian of Lori's person and estate was before the circuit court upon certification because the probate judge had been disqualified (§ 472.060), and in neither event had there been a trial in the probate court so as to make it possible to have a trial de novo in the circuit court. Nevertheless, it was the duty of the circuit court to conduct a plenary hearing on the involved issues and this is exactly what it did. It is unnecessary for us to belabor the testimony of the twelve witnesses who testified at the hearing. We need only observe that they spoke on every facet regarding the fitness of the contesting parties to be guardian of the child. Appellants' point is further defective for failing to state what evidence was offered by them which the trial court did not receive and for failing to state why it is claimed the trial court allegedly erred in excluding such evidence. Rule 84.-04(d); State ex rel. State Highway Commission v. Goodson, 365 Mo. 260, 269(6), 281 S.W.2d 858, 863(9). Although we are not obliged to search the transcript or argument portion of appellants' brief to ascertain the meaning of an abstract assertion made under points relied on [School Services of Missouri, Inc. v. Caton, Mo. App., 419 S.W.2d 954, 956(3)], we have discovered, ex gratia, that page references contained in the argument lead either to instances where the trial court permitted the evidence over objection because "it is a Court tried case" [Rule 73.01(a)], or properly sustained respondent's objections to proffered evidence that was hearsay, conclusionary or irrelevant to any issue in the case.

## III.

Appellants' third point is: "The trial court erred in its judgment of January 11, 1972, in setting aside the order of December 21 [14?], 1971, because the judgment of January 11, 1972, was an ex parte order and was made without a hearing and without notice to the appellants." To this point appellants cite Rule 75.01 and Hoppe v. St. Louis Public Service Co., 361 Mo. (banc) 402, 235 S.W.2d 347, 23 A.L.R.2d 846. Neither citation is apropos.

Rule 75.01 provides that the "trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time. Not later than 30 days after entry of judgment the court of its own initiative may order a new trial . . . ."

Appellants cite Hoppe v. St. Louis Public Service Co., supra, 235 S.W.2d at 350–351(7–9), as support for the declaration that a court proceeding to vacate, reopen, correct, amend or modify its judgment or in ordering a new trial of its own initiative, may do so only after the parties, whose interests are at stake in a contemplated order, have been given reasonable notice and an opportunity to be heard.

■ "Judgment" is defined as being "the final determination of the rights of the parties in the action." Rule 74.01; § 511.020; Williams v. Williams, Mo.App., 480 S.W.2d 525, 526–527. The order of December 14, 1971 (there was no order made on December 21, 1971), was not a judgment and neither Rule 75.01 nor Hoppe v. St. Louis Public Service Co., supra, have any relation to it. The trial court is vested with broad discretion in setting aside a submission after both sides have rested and permitting a party to offer further evidence. McClendon v. Johnson, Mo., 337 S.W.2d 77, 84(6); Marsden v. Nipp, 325 Mo. 822, 831, 30 S.W.2d 77, 80(3). We believe a trial court is also vested with broad discretion to revoke such an order when it subsequently appears the request therefor was apparently not made to permit the offering of further testimony but in an abortive attempt to disqualify the judge after the cause has been fully tried.

### IV.

Appellants' last point in their brief is that the trial court erred in not revoking the letters of guardianship issued respondent and appointing them as Lori's guardians "because there is not substantial evidence to support the judgment of the trial court and for the further reason . . . the interest and welfare of said child would best be served by granting appellants the care and custody of said child."

■ In cases tried upon the facts without a jury, we review the case on appeal "upon both the law and the evidence as in suits of an equitable nature", bearing in mind the "judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 73.01(d); Baker v. Baker, Mo.App., 475 S.W.2d 130, 132(1). Appellants, the paternal grandparents, are 57 and 40 years of age. They have eight children living in their house; a grown daughter resides in "a trailer in the back" with two of her children. Respondent is 39 years old, her husband is 45 years of age, and they have three children, besides Lori, living in the home. All of the parties have good reputations. Appellants agree that respondent "is a good person and took good care of" Lori—they "don't have any bad things to say about" respondent who has permitted Lori to visit with the paternal grandparents about "half the time" since her parents' demise because everyone agrees the child should know both families. With the evidence in this posture, it would be most difficult to determine from a cold record whether the child's best interests would be served by choosing respondent, rather than appellants, as her guardian. Differences in the ages of respondent and the ages of appellants could be a thought that goaded the conscience of the trial court to decide in favor of respondent. In re D——, Mo.App., 408 S.W.2d 361, 369. Also, the fact that Lori would be one of nine children if she lived with appellants, as opposed to one of four if she resided with respondent, may have been taken into account by the trial judge when he decided for respondent. We do not know the reasons which guided the trial judge, but we are aware that he had more than the cold record to assist him in the decision that was made. We cannot say his choice was clearly erroneous.

The judgment is affirmed.

STONE and HOGAN, JJ., concur.