## Case No. 14,986.

UNITED STATES ex rel. WEST et al. v. DOUGHTY.

[7 Blatchf. 424.] [1]

Circuit Court, S. D. New York.  June 28, 1870.

PARTIES — UNITED STATES — HOW APPEARANCE MADE—DISTRICT ATTORNEY—PATENTS.

1. Where a bill in equity stated that it was brought by the United States at the relation of certain persons, and did not state that the United States brought it by their district attorney, and was subscribed by certain other persons as solicitors for the plaintiffs, and the prayer of it was that certain letters patent of the United States issued to the defendant might be surrendered to be cancelled: *Held*, on demurrer to the bill, that it was bad, as not stating a case which entitled the United States to the relief sought.

[Cited in U. S. v. Draper, 19 D. C. 94.]

2. This court can, under the 35th section of the act of September 24, 1789 (1 Stat. 92), recognize the United States as a plaintiff on the record, only when the record shows that the United States appear as plaintiffs by the district attorney.

[Cited in Attorney General v. Rumford Chemical Works, 32 Fed. 623.]

[This was a bill in equity by Joseph I. West and others against Samuel H. Doughty, praying the surrender of certain letters patent, No. 25,701, issued October 4, 1859, reissued December 27, 1859 (No. 870), and again August 1, 1870. A trial under the first issue of this patent will be found in Case No. 4,029, and under the second reissue in Case No. 4,028.]

Edwards Pierrepont and Frederick H. Betts, for plaintiffs.

Edwin W. Stoughton and Stephen D. Law, for defendant.

BLATCHFORD, District Judge. This is a demurrer to the pleading filed by the plaintiffs in this suit before the commencement thereof. The pleading styles itself a "bill or information," but is substantially, in form, a bill in equity. It states, that it is brought at the relation of Joseph I. West and three other persons who are named. The prayer of the bill is, that the defendant may be decreed to deliver up and surrender certain reissued letters patent, issued to him by the United States, August 1st, 1865, for an "improvement in skeleton skirts," to be cancelled, and may be enjoined from suing for the infringement thereof, or interfering, by means thereof, with the people of the United States, in the business of making, using, or selling hoop skirts, in accordance with the specification of claim of said reissued letters patent. The ground of the bill is, that the letters patent were issued by the United States inadvertently, and by accident and mistake, and are, therefore, void. The demurrer, which styles the pleading to which it demurs an information, demurs to it for several reasons, one of which is, that it does

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

not state a case entitling the plaintiffs to the relief sought.

The bill appears, on its face, not to be brought by the district attorney of the United States for this district. It is subscribed by certain other persons as solicitors for the plaintiffs. The bill does not state, in the body of it, that the United States bring it by the district attorney, but merely states that they bring it against the defendant, at the relation of the relators. The names of the plaintiffs' solicitors are not found in the body of the bill, but are appended at the end of it. This court can recognize the United States as a plaintiff on the record, only when the record shows that the United States appear as plaintiffs by the district attorney of this district. Upon this bill, if there are any plaintiffs, the United States are such plaintiffs. The relators are not plaintiffs. The bill must be maintained, and is sought to be maintained, if at all, solely on the right of the United States themselves, as plaintiffs, to bring it. Now, by the 35th section of the judiciary act of September 24th, 1789 (1 Stat. 92), it is provided, that there shall be appointed, in each district, a person to act as attorney for the United States in such district, whose duty it shall be to prosecute, in such district, all civil actions in which the United States shall be concerned, except before the supreme court in the district in which that court shall be holden. Under this statute, it has always been held by the federal courts in this district, that there is no power conferred on them, by statute or usage, to recognize a suit, civil or criminal, as legally before them, in the name of the United States, unless it is instituted and prosecuted by a district attorney legally appointed and commissioned conformably to the statute. U. S. v. McAvoy [Case No. 15,654]. The fact that the suit is instituted on behalf of the United States by the person who is district attorney, and that he acts as such, in instituting the suit on behalf of the United States, must appear by the face of the bill or declaration, or the pleading will be held bad on demurrer, as not stating a case which entitles the United States to the relief sought. The only intendment that can be drawn from the face of the bill, in this case, is, that it is filed without the authority of the United States, inasmuch, as it does not, by its face, appear to be filed on behalf of the United States, by the officer by whom, alone, the United States can, under the statute, prosecute this suit.

For this reason, the bill must be dismissed, without reference to any of the other points taken by the defendant, on the argument of the demurrer.