WILLAMETTE TENT & AWNING CO. v. WEST COAST GRO-
CERY CO.

(First Division. Juneau. January 30, 1903.)

No. 1,022.

1. PARTIES—SUBSTITUTION—CHANGE AS TO CHARACTER.
    Plaintiff brought suit in the name of the Willamette Tent & Awning Company, a corporation. He filed an amended complaint, substituting the name of Henry Wemme, doing business in the name of the Willamette Tent & Awning Company, as the plaintiff and real party in interest. Upon objection it was *held* that the proposed substitution was not within the scope of section 92 of the Alaska Code of Civil Procedure, allowing amendments to pleadings, but the substitution of a new party plaintiff and leave to amend was denied.
    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 94, 98.]

This action was brought, as appears by the original complaint on file, in the name of the Willamette Tent & Awning Company, "a corporation." Later plaintiff moved for permission to strike out the words "a corporation" from the title of the cause, leaving it stand "The Willamette Tent & Awning Company." But at the same time the plaintiff filed an affidavit to the effect that the real party in interest was one H. Wemme, who was doing business in the name of the Willamette Tent & Awning Company. These facts ap-

pearing on the application of plaintiff for his first amendment herein, the court advised counsel that to amend and undertake to try his action in the name of the Willamette Tent & Awning Company he would have a fictitious party as plaintiff, or, in fact, no party whatsoever. The plaintiff then prepared his amended complaint, describing the plaintiff as Henry Wemme, doing business in the name of the Willamette Tent & Awning Company.

John G. Heid, for plaintiff.
Arthur K. Delaney, for defendant.

BROWN, District Judge. Objection is made to the filing of the amended complaint, and the court is therefore presented with the question, What scope is allowed to the plaintiff under our statute in amending as to parties?

Section 92 of the Alaska Code of Civil Procedure provides:

"That the court may in furtherance of justice, upon such terms as may be proper, allow a pleading to be amended by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect."

The mistake of parties that may be amended is usually some mistake in the spelling of the name, or in using a wrong middle letter, or in using a wrong first name, as John instead of Jonathan, if the latter be the true name, or, where a suit has been brought in the name of the agent, the name of the real party in interest or the principal may be substituted. The only cases in which one party may be substituted for another are: (1) In case of the death or disability of any party; and (2) when the interest of a party has been transferred. It is often said that courts are not authorized to make such a change in the parties to a suit as would be effected by substituting as plaintiff

a party who has a cause of action in the place of a party who never had any.

Dubbers v. Goux, 51 Cal. 153, is a case where it was undertaken to substitute the name of Wilhelmina Dubbers, the wife, in place of Henry Dubbers, the husband, who had originally sued. The amendment was permitted in the lower court, and the defendant appealed. The court, in passing upon the question, said:

"The court erred in permitting Mrs. Dubbers to be substituted for her husband as plaintiff. It is not pretended that she had succeeded to any interest held by her husband pending the action, nor that she had any joint interest with him in the subject-matter. On the contrary, she was substituted as plaintiff on the theory that she was the only party in interest at the commencement of the action, and had ever since continued to be so. She was permitted to become the sole plaintiff, not to prosecute the same cause of action stated in the complaint, on the ground that she had succeeded to it, but another and distinct cause of action in her separate right. In effect it was permitting her to prosecute a new suit for another cause of action by merely substituting her as sole plaintiff in the former action. It is scarcely necessary to say section 473 of the Code of Civil Procedure affords no warrant for such a proceeding."

Another case to the same effect is that of Denver & Rio Grande Railway Co. v. Loveland et al., decided by the Court of Appeals of Colorado on March 11, 1901 (64 Pac. 381). In Colorado there were the two corporations, the Denver & Rio Grande Railway Company and the Denver & Rio Grande Railroad Company. Suit was brought against the former, and upon examination of a witness it developed that the injury and wrong complained of had been committed by the latter. Plaintiff asked leave to amend, substituting the Denver & Rio Grande Railroad Company instead of the Denver & Rio Grande Railway Company. It was insisted by the plaintiff that the substitution of this latter defendant for the other was simply an amendment to the complaint, correcting the name of the defendant, as authorized by section 75, Colorado Code; the term "railway company"

being a misnomer or incorrect designation of "railroad company." Says the court:

"If the case was as counsel puts it, the substitution of one name for the other would be an amendment, and a very proper amendment. If the right party is sued by a wrong name, and service of process is had upon him, the true name may be substituted for the other by way of amendment; but if a person is sued and brought into court, there can be no legal substitution of another for him, and a substitution, if made, would not be an amendment. In this case there is no misnomer. The Denver & Rio Grande Railway was a corporation capable of suing and being sued. An action was brought against it by its own proper name. According to the records service was had upon it, and according to the records service was not had upon the other corporation. The railway company appeared and answered, and there was no appearance for the railroad company. Each corporation was a legal entity, as distinct from the other as John Doe from Richard Roe. A suit against one was a matter of no concern to the other, and could not, without the other's consent, be converted into a suit against it."

There may be a Willamette Tent & Awning Company, a corporation. If so, it could sue and be sued in its corporate name. A plaintiff is supposed to know his own name, and when he brings a suit to sue in his own name. In this case the real party in interest is Henry Wemme, and Wemme must sue in order to recover in a cause of action against the defendant. He might sue as Henry Wemme, doing business as the Willamette Tent & Awning Company, but the suit, in whatever name he may have done business, should be by Henry Wemmé.

It would seem from what appears in this case that Henry Wemme should have been the party plaintiff in the first instance, he being the person who has a cause of action against the defendant if any exists in this case. Can it be said that when a suit is brought in the name of the Willamette Tent & Awning Company, a corporation, and defendants are advised that they have never had dealings with such a party, and therefore are prepared to defend on that

ground, that we may substitute for such corporation an entirely new plaintiff, one never in any manner indicated either by the title of plaintiff in the original complaint or in the body of the complaint, on the theory that such substitution is an amendment in the name of the original party plaintiff? Would such a proceeding be in "furtherance of justice"? I cannot so regard it. It seems to me that the new party plaintiff as stated in the amended complaint now offered in no wise grows out of or results from the party plaintiff as stated in the original complaint; nor can it be construed as a mistake in the name of the original party plaintiff. It is clearly the substitution of an entirely new plaintiff, and is such an amendment as cannot be invoked in the name of justice.

The application of plaintiff to file amended complaint as now presented is therefore denied.