In re NAGAO.

(First Division.   Juneau.   July 7, 1913.)

No. 1006A.

1. PARTIES (§ 69*)—DESIGNATION—UNITED STATES—DISTRICT AT-
TORNEY.

A petition which did not name any party plaintiff, signed by
one who described himself as "United States District Attorney
for division No. 1," was filed in the district court, accusing one
Nagao with having procured a license to practice medicine by
fraud and misrepresentation, and asking for a citation and
revocation of the license. Upon demurrer by defendant, *held*,
that the United States was not made the party plaintiff or com-
plainant by the fact that the District Attorney prepared and
signed a petition which does not formally or by its averments
make the United States a party.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 112;
Dec. Dig. § 69.*]

2. PARTIES (§ 1*)—RIGHT TO SUE—INTEREST IN CAUSE.

If a party would have the court to act, he must show some
grievance to him.   A court of general jurisdiction will not
move unless it is stirred to action in the right way and by the
right person.   In a civil action it will not stir for any one unless
the individual desiring it to move shows that he has a right to
be enforced or an injury to be redressed, or that a wrong to
him is to be prevented.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 1;  Dec.
Dig. § 1.*]

3. PARTIES (§ 95*)—AMENDMENTS.

Where a petition was filed by the District Attorney, which
did not formally or by any of its averments make the United
States or any other the party plaintiff, a motion to amend by
making the United States the party plaintiff denied.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 160–
166;  Dec. Dig. § 95.*]

The foundation of this proceeding is a certain paper filed
on the 17th day of June, 1913, reading:

"To Honorable Robert W. Jennings, Judge of said court:  The
undersigned John Rustgard, United States Attorney in and for
said division No. 1, respectfully represents and shows as follows:
*   *   * "

Then follow five paragraphs stating that Otoji Nagao procured from E. W. Pettit, clerk of this court, by fraud and misrepresentation a license to practice medicine, and that he is now practicing medicine, and the prayer is as follows:

(1) "That a citation issue out of this court directing and commanding said Otoji Nagao to appear in the courtroom of this court at Juneau, Alaska, at 10 o'clock a. m. on the 21st day of June, 1913, then and there to show cause, if any he has, why he should not be enjoined and restrained from practicing medicine and surgery or either medicine or surgery in Alaska, pending the final hearing on this petition, and further commanding said Otoji Nagao to answer this petition within such time as the court shall designate; and that said citation, together with a copy of this petition, duly certified, be served upon said Otoji Nagao in the same manner as a summons in a civil action. (2) That on said final hearing on this petition the said license be revoked and canceled. (3) That said Otoji Nagao be decreed to pay the costs of this proceeding. (4) For such other and further order and decree as to the court may seem just and proper."

The paper is signed "John Rustgard, United States Attorney," and it is verified in the following language, to wit:

"United States of America, Territory of Alaska—ss.:

"John Rustgard, being first duly sworn, deposes and says: That he is the United States Attorney in and for the First division of the territory of Alaska and that he has read the foregoing petition and knows the contents thereof and that the same is true as he verily believes.                        [Signed]  John Rustgard.

"Subscribed and sworn to before me this 10th day of June, 1913.
"Ina L. Liebhart,
"Notary Public in and for Alaska."

On filing and presentation of this paper, a rule to show cause on Nagao was issued as follows:

"Then and there to show cause, if any you have, why you should not be enjoined and restrained from practicing medicine and surgery, or either medicine or surgery in Alaska pending the final hearing on the petition herein."

On the day appointed Nagao appeared in person and by his counsel and demurred to the petition.

John Rustgard, of Juneau, for petitioner.
John H. Cobb, of Juneau, for defendant.

JENNINGS, District Judge. The demurrer sets up three grounds. The first ground is that the court has no jurisdic-

tion of the subject-matter of this proceeding. This ground of demurrer must be overruled, for the court undoubtedly has jurisdiction of the subject-matter under its general equity powers to cancel an instrument on the ground of fraud. The second ground of demurrer is that the District Attorney has no capacity to prosecute this proceeding. As to that ground also the demurrer must be overruled. A person's capacity to sue must not be confused with the right of action.

"A person having a right of action may be without capacity to sue, and a person with a capacity to sue may have no right of action. The two things are essentially different in their nature and in their results. The right of action is of the substance; the capacity to sue is necessary only as against a dilatory objection." 30 Cyc. p. 96.

In what particular is he lacking in the capacity to sue? He is neither an infant, an idiot, a married woman, nor a corporation which has failed to pay its license fee, nor is he laboring under any other disabilities.

"A demurrer or defense for this cause must relate exclusively to some legal disability of the plaintiff, such as infancy, coverture, idiocy, and the like, and not to the absence of facts sufficient to constitute a cause of action. The facts constituting a cause of action may be sufficiently averred, and yet the plaintiff may not have a legal capacity to sue. The objection that the plaintiff has not legal capacity cannot therefore be raised and relied upon under a demurrer for want of sufficient facts, nor the objection of a want of facts under a demurrer alleging an absence of legal capacity." Pomeroy's Code Pldg. § 208.

Coming now to the third ground of the demurrer, to wit:

"The said petition does not state facts sufficient to entitle the petitioner to the relief prayed for, or to any relief."

Does the paper state a cause of action? Under this branch of the demurrer, Nagao's counsel contends that this is not a civil action, because there are no adversary parties (i. e., no person named as plaintiff, and no person named as defendant); that it is nothing more than a letter to the judge of the court. Even if it were nothing more than a letter, it would be sufficient, if it stated essential facts. It is, however, something more than a letter; it is a paper sworn to and entitled and filed in a court of general jurisdiction with allegations of fact

and a prayer for specific definite action on the part of the court. It is true no person is named as plaintiff and no one as defendant, but nevertheless there is a plaintiff and there is a defendant, and it is perfectly apparent, on the face of the paper, who is plaintiff and who defendant. A plaintiff is a person who essays to set in motion the machinery of the court, and the defendant is the person against whom the relief is sought. Is it not plainly manifest who complains, who essays to move the court to action, and is not the name of the person moved against equally manifest? Does the paper leave a doubt in any one's mind that John Rustgard, United States District Attorney for the First division, is the plaintiff, and that Otoji Nagao is the defendant? The form of the paper is not material; it matters not whether it is called a complaint or by some other name. The question is not what is it called, but what it is. We must look through the form into the underlying substance and consider, not the nomenclature, but the nature, of the instrument.

This paper tells us that John Rustgard represents and shows certain things; the John Rustgard who does this is said to be the United States Attorney in and for division No. 1; he tells us that Nagao has obtained a license by fraud, and that he is practicing medicine under that license. Granted; how does that affect John Rustgard, District Attorney? If he would have the court to act, he must show some grievance to him. A court of general jurisdiction has been called "the strongest factor in the system of English jurisprudence," but, if it is such, its normal condition is that of quiescence; it will not move unless it is stirred to action in the right way and by the right person, and that person must speak talismanic words. In a civil action it will not stir for any one unless the individual desiring it to move shows that he has a right to be enforced or an injury to be redressed, or that a wrong to him is to be prevented.

John Rustgard has capacity to prosecute this or any other proceeding, for he is under no legal disability; and he (John Rustgard) alone and in his individual capacity does prosecute this proceeding, for the words "United States District Attor-

ney for division No. 1" are merely descriptio personæ; but the trouble is that in this prosecution he has failed to show any remedial interest in him.

"If plaintiff fails in this, although stating the facts of a complete cause of action in some one else, he cannot claim a judgment, even if defendant has contested the case on its merits."

And, if the complaint were otherwise a perfect one, the court could not decree for plaintiff. 30 Cyc. 3; Pelham v. Edelmeyer (C. C.) 15 Fed. 262.

The paper which is here under consideration states none of the things going to show that Rustgard has any remedial interest; he does not ask the court to enforce any rights he has, nor to redress any injury done to him, nor prevent the doing of any injury to him, nor to take any action in the slightest degree affecting him; he is the plaintiff in the case; and he exhibits a paper showing only that Nagao has obtained a license by fraud and is practicing medicine under that license. John Rustgard not having disclosed any interest in the fraud, the inquiry arises, "What's he to Hecuba or Hecuba to him?" The demurrer is sustained on the third ground.

In order to save this action, Mr. Rustgard asks that, as the United States is the real party in interest, and as he has described himself in the paper as United States Attorney, the complaint should be so amended as to show the United States as party plaintiff in this action.

I have no doubt at this time that an action would lie for the cancellation of this license at the suit of the United States as plaintiff; such a suit, however, would be the suit of the United States, and the United States would have a standing in equity, not by virtue of an injury to it as a political entity or to its corporate existence or rights, nor by virtue of any pecuniary interest, but because it is interested in and is in a measure the guardian of the public health and general welfare of its citizens, and injury in the fraudulently obtained license is being committed against them; many such cases have been brought and sustained. See argument and cases in note to case of State of Nebraska v. Pacific Express Co., 18 L. R. A. (N. S.) 664; People v. Oakland, 118 Cal. 234, 50

Pac. 305; United States v. World's Exposition (C. C.) 56 Fed. 630; U. S. v. W. U. Tel. Co. (C. C.) 50 Fed. 28.

But nevertheless the amendment asked for by Mr. Rustgard cannot be allowed. If it had been stated in the paper that the proceeding was for and on behalf of the United States, it might have been considered as the action of the United States, and the requested amendment might be allowed, but here there is nothing to amend by. We are up in the air because it is not stated anywhere in the complaint that the proceeding is brought on behalf of the United States or on behalf of the people of the United States, nor that the United States has any interest in the matter at all. Indeed, the United States is not mentioned throughout the entire paper, except as an adjective noun describing John Rustgard. And to allow the substitution to be made would be to allow substitution as plaintiff of one who had a cause of action in the beginning for one who never had a cause of action, and that is not allowable, even under our liberal statute of amendments. Willamette T. & A. Co. v. West Coast Gro. Co., 2 Alaska, 4; Hallett v. Larcom, 5 Idaho, 492, 51 Pac. 108; Dubbers v. Goux, 51 Cal. 153.

The case of Attorney General v. Rumford Chemical Works (C. C.) 32 Fed. 608, is an instructive one. That was a suit brought to cancel a patent on the ground of fraud against the United States. The information in the case is by "George H. Williams, as he is the Attorney General of the United States of America," at the relation of George V. Hecker, and the court says on page 623 of the report:

"It is undoubtedly in the power to Congress to confer upon any public officer the authority to commence suits in his own name on behalf of the United States. Such authority has been conferred by statute upon the Postmaster General to institute suits in his own name for the recovery of debts and balances due to the general post office. No such authority to institute suits in his own name has been conferred by statute upon the Attorney General. In the absence of any such authority, the information (if the court has jurisdiction to entertain it) should be in the name of the United States, and, I think, should be filed by the Attorney of the United States, in the district in which the information is filed, 'in the name and behalf of the United States.' The United States then being a party to the proceedings, it would not abate by the death or resignation

of the public officer who filed it. George H. Williams has resigned and ceased to be Attorney General; as an individual he cannot maintain his proceeding. The United States is not made a party; the relator is not a party. 'The relators are not plaintiffs.' U. S. v. Doughty, 7 Blatchf. 424 [Fed. Cas. No. 14,986]; Attorney General v. Mayor, 1 Moll. 95; Attorney General v. Wright, 3 Beav. 447. 'Relators should know they are not parties to informations, and have no right, of their own authority, to make any application to the court.' There is no party plaintiff before the court, unless it be George H. Williams as an individual citizen. 'This court can recognize the United States as a plaintiff on the record only when the record shows that the United States appears as plaintiff, by the District Attorney of this District.' U. S. v. Doughty, 7 Blatchf. 425 [Fed. Cas. No. 14,986]. In England the scire facias, in the common-law division, or in the petty bag in chancery, to repeal a patent, was always in the name of the sovereign. 'The scire facias,' says Lord Campbell in Reg. v. Archipelago Co., 1 El. & Bl. 351, 'in all cases must be in the name of the king.' The form of the writ recites that A. B., 'Attorney General for the said lady, the queen, who for our said lady, the queen, prosecutes in this behalf'; and that this has been the invariable rule in England will appear by an examination of every reported case in that country, in which this jurisdiction to repeal letters patent by scire facias has been exercised.

"In Benton v. Woolsey, 12 Pet. 27 [9 L. Ed. 987], where no objection was made to an information filed by the District Attorney 'in behalf of the United States', the court thought, in the absence of any objection, 'the United States may be considered the real party, though in form it is the information and complaint of the District Attorney.' The usual and proper mode is for the District Attorney to file an information in the name and in behalf of the United States, and probably only in that form could one be sustained, if objected to. The power (conferred by section 359 [U. S. Comp. St. 1901, p. 207] of the Revised Statutes of the United States on the Attorney General) to, in person, conduct and argue any case in any court of the United States in which the United States is interested, or to direct the solicitor general, or any officer of the department of justice, to do so, clearly does not authorize him to bring such suit in his own name, or authorize the solicitor general, or any officer of the department of justice, to do so. If the power given to him, wherever he deems it for the interest of the United States to conduct and argue any case in any court of the United States in which the United States is interested, confers upon him any authority to commence or institute proceedings, except through the district attorneys, who are subject to his orders and supervision, which is at least doubtful, there is no right expressly given, or to be implied from any words in this or any other statute, to bring the suit in his own name, instead of the name of the real party, the United States.

"The conclusion, therefore, follows that this information to repeal letters patent for an invention, being in the name of George H. Wil-

liams, as he is Attorney General of the United States, and not in the name and behalf of the United States, is not authorized by the statute, sanctioned by any precedent, or supported by the authority of any judicial decision; and the demurrer must be sustained, and the information dismissed."

And so in this case the demurrer must be sustained, and, unless the complaint is so amended as to show a remedial interest in John Rustgard, it will have to be dismissed.