752

## SUMI v. YOUNG.
### No. 7992.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1936.

Louis K. Pratt, of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for appellant.

Cecil H. Clegg and John L. McGinn, both of Fairbanks, Alaska (Robert W. Jennings, of Sacramento, Cal., of counsel), for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee filed with the United States Commissioner[1] for Fairbanks precinct, territory of Alaska, a verified petition showing that, by the last will of Mayme Helen Young, deceased, appellee had been appointed as testamentary guardian of her two minor children, and praying for confirmation of his appointment and for letters of guardianship. Appellant, the grandmother of the minors, filed a protest, opposing confirmation of appellee's appointment and praying that she herself be appointed as guardian. The commissioner, after hearing the matter, overruled appellant's protest, and ordered that appellee's appointment be confirmed and that letters of guardianship be issued to him upon his giving bond in the sum of $3,000. On appeal to the District Court,[2] the commissioner's order was affirmed. From the judgment affirming that order, an appeal has been taken to this court.

Appellee has moved to dismiss the appeal, on the ground that this court has no jurisdiction thereof. Section 128 of the Judicial Code, as amended by section 1 of the Act of February 13, 1925, c. 229, 43 Stat. 936, 28 U.S.C.A. § 225, provides that this court shall have appellate jurisdiction to review final decisions in the District Courts for Alaska "in all cases, civil and criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $1,000; in all other criminal cases where the offense charged is punishable by

---

[1] In Alaska, United States Commissioners are ex officio probate judges. Act of June 6, 1900, c. 786, § 6, 31 Stat. 323, 48 U.S.C.A. § 108, Compiled Laws of Alaska, 1933, § 1109.

[2] The District Court for Alaska has ap-

pellate jurisdiction to review orders, decrees, and judgments of United States Commissioners exercising probate jurisdiction. Act of June 6, 1900, c. 786, §§ 940–943, 31 Stat. 479, 480, Compiled Laws of Alaska. 1933, §§ 4571–4574.

753

imprisonment for a term exceeding one year or by death, and in all habeas corpus proceedings," and shall have appellate and advisory jurisdiction, under sections 24 and 25 of the Bankruptcy Act (11 U.S.C.A. §§ 47, 48), "over all proceedings, controversies, and cases had or brought in the district courts [for Alaska] under that Act [Title 11, relating to bankruptcy], or any of its amendments."

 This, obviously, is not a case "wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved," nor a criminal case, nor a habeas corpus proceeding, nor a proceeding, controversy or case brought under the Bankruptcy Act or any of its amendments. Nor is it a case "wherein the value in controversy, exclusive of interest and costs, exceeds $1,000." There is here no controversy regarding money, property or property rights. The only matter in controversy is the custody of two minor children. The right to such custody cannot be measured in money. There is, therefore, no "value in controversy" on which appellate jurisdiction may be predicated. Barry v. Mercein, 5 How. 103, 119, 12 L.Ed. 70; DeKrafft v. Barney, 2 Black, 704, 714, 17 L.Ed. 350; In re Burrus, 136 U.S. 586, 595, 10 S.Ct. 850, 34 L. Ed. 500; Leak v. Leak (C.C.A.9) 156 F. 473, 474. Hence, we conclude, jurisdiction of this appeal is not conferred by section 128 of the Judicial Code.

Appellant contends that jurisdiction is conferred by section 943 of the Act of June 6, 1900, c. 786, 31 Stat. 480 (Compiled Laws of Alaska 1933, § 4574), which provides that, on appeal from the order of a United States Commissioner exercising probate jurisdiction, the District Court for Alaska or the judge thereof shall determine the issues and "make such order in the premises as he may see fit," and that such order "shall be deemed a judgment, subject to appeal in the manner provided for appeals from judgments in the district court."

Appellant's contention must be rejected. Section 943 does not, of itself, confer or purport to confer any appellate jurisdiction on this court. It merely provides that orders made by the District Court for Alaska in probate cases shall be deemed judgments, subject to appeal in the manner provided for appeals from other judgments of that court. Appeals from other judgments of that court are provided for only in the

cases specified in section 128 of the Judicial Code. This is not one of those cases. The motion to dismiss must, therefore, be granted.

Appeal dismissed.