## SUMI *v.* YOUNG.

No. 406.   Argued February 3, 1937.—Decided March 1, 1937.

*Mr. Herman Weinberger,* with whom *Mr. Louis K. Pratt* was on the brief, for petitioner.

*Mr. Cecil H. Clegg,* with whom *Mr. Robert W. Jennings* was on the brief, submitted for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

In the Probate Court, Fairbanks, Alaska,—October, 1934,—a contest arose over the appointment of a guardian for two minor children. Petitioner's application failed. Respondent was designated. The District Court heard the matter *de novo* and approved this action.

Upon motion, the Circuit Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction. The motion averred: (1) the cause involves no question arising under the Constitution, statute or treaty of the United States, or any authority exercised thereunder; (2) no monetary value exceeding $1,000.00 is involved; (3) the petitioner was not a party in the Probate Court. Section 128, Judicial Code,[1] also § 943, Act of June 6, 1900,[2] were relied upon in opposition.

[1] Judicial Code, § 128, 28 U. S. C. § 225; Act March 3, 1911, amended Feb. 13, 1925, c. 229, 43 Stat. 936:

"(a) *Review of final decisions.* The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—

" . . .

"*Third.* In the district courts for Alaska or any division thereof, and for the Virgin Islands, in all cases, civil and criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $1,000; in all other criminal cases where the offense charged is punishable by imprisonment for a term exceeding one year or by death, and in all habeas corpus proceedings; and in the district court for the Canal Zone in the cases and mode prescribed in sections 1307, 1324, 1336, and 1341 to 1357 of Title 48."

[2] Act June 6, 1900, c. 786, 31 Stat. 480. (§ 943 Carter's Annotated Codes; § 1775 Compiled Laws of Alaska 1913; § 4574 Compiled Laws of Alaska 1933):

"Sec. 943. Upon such hearing the District Court or judge thereof shall determine the issues so raised according to the very right of the matter and make such order in the premises as he may see fit,

The Circuit Court of Appeals could find no question under the Constitution, statute or treaty of the United States, or authority exercised thereunder; nor any controversy concerning money, property, or property rights. It concluded that § 128, Judicial Code, gave no jurisdiction; also that § 943, Act June 6, 1900, confers none since it only directs that orders of the District Court of Alaska in probate cases shall be deemed judgments subject to appeal as provided by § 128.

The petitioner insists that the cause involves construction and application of several sections Alaska Civil Code,[3] and that jurisdiction is conferred by § 128; also that § 943, Act June 6, 1900, is applicable.

Considering *Summers* v. *United States*, 231 U. S. 92, we cannot regard provisions of the Alaska Civil Code as laws of the United States within the intendment of § 128. They are special or local laws designed to meet conditions peculiar to that Territory. It follows that this section does not authorize the appeal under consideration. This view is aided by the words "in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $1,000 . . . and in all habeas corpus proceedings." If every case arising under the Civil Code involves a statute of the United States, this clause is inappropriate.

Moreover, to bring within the appellate jurisdiction of the Circuit Court of Appeals every order of the District Court of Alaska concerning guardianship claims against estates, distributions, etc., would hinder the manifest pur-

---

which order shall be entered in a docket to be kept by the clerk of the court for that purpose, properly indexed, and a copy of the same shall be forwarded to the commissioner before whom the exceptions were filed, who shall thereupon proceed in accordance with such order. Such orders shall be deemed a judgment, subject to appeal in the manner provided for appeals from judgments in the District Court."

[3] 31 Stat. 321.

pose to limit and definitely establish the jurisdiction of that Court disclosed by Judicial Code, 1911, and the amending Act of 1925. The Alaska Civil Code is an elaborate Act of Congress—230 printed pages—which undertakes to prescribe the law on a great many subjects.

The provision of § 943, Act of June 6, 1900, applicable to appeals in probate cases in Alaska, appears in the margin, *ante* note 2.

Counsel maintain that this must be interpreted as if it read:

"An order of the District Court made in a probate case on appeal to it, shall be deemed a judgment. Such judgment is appealable. The manner or mode of taking and perfecting such appeal shall be the same manner or mode which is provided for the taking and perfecting of an appeal from other appealable judgments made and entered in the District Court."

This proposal is in conflict with the purpose and limitations of the later Acts of 1911 and 1925. These are of general application, and any provision of the Alaska Code concerning appeals to the Circuit Court of Appeals inconsistent with them is ineffective.

Moreover, we cannot accept the view that the words "in the manner provided" found in § 943 were intended to permit appeals in probate matters without restriction—to relieve them of requirements generally applicable to causes in the courts of the Territory.

The court below reached the proper conclusion.

*Affirmed.*

MR. JUSTICE STONE and MR. JUSTICE CARDOZO concur in the result, but as they think the case made on the record is not one "involving" provisions of the Alaska Code it seems unnecessary to resolve the more doubtful question whether they are statutes of the United States.