In re YOUNG'S ESTATE.
No. 3806.

District Court of Alaska. Fourth Division. Fairbanks.
July 1, 1937.

160

Cecil H. Clegg, of Fairbanks, for petitioner Alsie M. Young.

Louis K. Pratt, of Fairbanks, for protestant Wilhelmina Sumi.

PRATT, District Judge.

This cause originated in the Probate Court of the Fairbanks Precinct and was brought to the District Court on appeal by Mrs. Wilhelmina Sumi. It involves only the guardianship of two minors under the age of fourteen years, to-wit, George Houston Cook and Ruth Marion Cook. The grandmother of the children, Mrs. Wilhelmina Sumi, ap-

pealed from the judgment of the Probate Court appointing one Alsie M. Young guardian of the persons of said children.

At the instance of Mrs. Sumi, the then District Judge, E. Coke Hill, tried the matter de novo and confirmed the judgment of the Probate Court.

Mrs. Sumi attempted to have the matter reviewed by the United States Circuit Court of Appeals for the Ninth Circuit, Sumi v. Young, 83 F.2d 752, 5 Alaska Fed. 834, but the case was dismissed without a hearing on the merits by that Court, on the ground that it was not an appealable case. The United States Supreme Court, 300 U.S. 251, 57 S.Ct. 438, 81 L.Ed. 627, 5 Alaska Fed. 884, without passing on the merits, affirmed the action of the Circuit Court.

Mrs. Sumi has filed a motion for an order to vacate the said judgment of the Honorable E. Coke Hill, on the ground that the same is void upon the face of the record.

■ The rule is concisely stated in 34 Corpus Juris, page 268, section 492, as follows: "Invalidity of the judgment for want of jurisdiction either of the person or of the subject matter, or of the question determined and to give the particular relief granted, rendering the judgment void, as distinguished from merely voidable, or erroneous, is ground for vacating it, at any time before or after expiration of the term at which it was rendered, * * * ."

Consequently, Mrs. Sumi has the right to cause this Court to review the judgment and the record supporting it and to rectify any invalidity of said judgment which appears upon the face of the record.

The findings of fact and judgment show the following facts:

That on the 28th day of May, 1926, George Cook and Mayme Helen Cook were man and wife, and the above mentioned minors were their children; that on said day George Cook came to his death intestate.

Mayme Helen Cook married George Edward Young. Upon the 21st day of March, 1934, Mayme Helen Young executed her last will and came to her death on the 4th day of May, 1934. The will was probated in the Probate Court for the Fairbanks Precinct, Division aforesaid, in Cause No. 549 Probate and was entitled "In the Matter of the Estate of Mayme Helen Young, Deceased." Among other things, the will contained this provision, "I hereby nominate, constitute and appoint Alsie Young as guardian of my children, George Houston Cook and Ruth Marion Cook," Alsie M. Young being the Alsie Young mentioned in the will, and being the brother of George Edward Young, whose death preceded that of his wife, Mayme Helen Young.

The petition of Alsie M. Young for letters of guardianship was filed in the cause wherein the will was probated and the estate was being administered, to-wit, in No. 549 Probate aforesaid. It merely bore the title, "In the Matter of the Estate of Mayme Helen Young, Deceased," and in the title made no mention of the subject of the petition which was the guardianship of the two minors.

Mrs. Wilhelmina Sumi, the mother of Mayme Helen Young and the grandmother of the two minors, being their next of kin and having them in her custody, filed a protest against the appointment of Alsie M. Young, which also contained a petition that she be appointed the guardian of the two minors. No denial was made by Mrs. Sumi of the matters set up in the petition of Alsie M. Young, and no allegation was made by her that Alsie M. Young was in any way an unfit person to be guardian of said minors, or not of good moral character, or incompetent to discharge the duties of guardian of such wards.

1. Mrs. Sumi maintains that, as the title of the proceeding is "In the Matter of the Estate of Mayme Helen Young, Deceased," and the petition and judgment refer to nothing about the estate of Mayme Helen Young, deceased, but merely to the guardianship of her two minor children, no

cause of action is stated, and the Court is without jurisdiction. This defect was also raised in Mrs. Sumi's protest, filed in the same cause before the Honorable George W. Albrecht, then Probate Judge for said Fairbanks Precinct.

Section 4351, C.L.A.1933, provides that proceedings in probate matters shall be entered and recorded in the following books:

"First. A register, in which shall be entered a memorandum of all official business transacted by the court or judge thereof appertaining to the estate of each person deceased under the name of such person; that pertaining to the guardianship of an infant under the name of such infant; * * *

"Fourth. A record of the appointment of guardians of infants, insane persons, and drunkards; * * *

"Seventh. An order book, in which shall be entered orders directing the conduct of * * * guardians; * * *."

Section 4352 provides: "To each of such books there shall be attached an index, securely bound in the volume, referring to the entries or records, in alphabetical order, under the name of the person to whose estate or business they relate, and naming the page of the book where the entry or record is made."

■ It is clear that the petition for guardianship should not have been entitled, "In the Matter of the Estate of Mayme Helen Young, Deceased," and should not have been filed in said Cause No. 549 Probate. It should have been entitled, "In the Matter of the Guardianship of George Houston Cook and Ruth Marion Cook, Minors," and been given a number of its own and not mixed up in the proceeding relating to the administration of the estate of Mayme Helen Young.

■ However, the petition of Alsie M. Young was relative to his right to be appointed guardian, though it was

inconsistent with the title of the cause. The said Wilhelmina Sumi, though protesting against the title of the cause, filed her own petition for appointment in the same proceeding. Consequently, the erroneous title does not divest the Court of jurisdiction, but becomes an irregularity, which does not render the judgment void.

Counsel for protestant relied upon the case of In re Nagao, 4 Alaska 678, along with other authorities. In the Nagao case, the paper filed did not state who.the plaintiff and the defendant were, but started off as follows: "To Honorable Robert W. Jennings, Judge of said court." It then stated that Nagao had fraudulently procured the issuance of a license to practice medicine. It was filed and verified by John Rustgard, United States Attorney.

Judge Jennings held that words of the United States Attorney were merely descriptio personae, so, as the action was brought by an individual named John Rustgard and as he stated no cause of action in favor of himself personally, no cause of action was stated.

Judge Jennings further made statements which are authority for holding the erroneous title in the present case is not fatal. They are as follows: "It is true no person is named as plaintiff and no one as defendant, but nevertheless there is a plaintiff and there is a defendant, and it is perfectly apparent, on the face of the paper, who is plaintiff and who defendant. A plaintiff is a person who essays to set in motion the machinery of the court, and the defendant is the person against whom the relief is sought. Is it not plainly manifest who complains, who essays to move the court to action, and is not the name of the person moved against equally manifest? Does the paper leave a doubt in any one's mind that John Rustgard, United States District Attorney for the First division, is the plaintiff, and that Otoji Nagao is the defendant? The form of the paper is not material; it matters not whether it is called a complaint or by some other name. The question is not what is it called, but what it is. We must look through the form

into the underlying substance and consider, not the nomenclature, but the nature, of the instrument."

■ 2. Though not contained in the written motion to vacate the judgment, the attorney for Mrs. Sumi, in oral argument, raised the question that the Court had never acquired jurisdiction of the persons of the minors. As lack of jurisdiction of the person would render a judgment void, it becomes proper to consider this question, though not stated as a ground in the written motion.

The record shows that a written notice of the filing and hearing of the petition of Alsie M. Young was given to Wilhelmina Sumi and that she appeared in the proceeding and protested against Young's appointment and petitioned that she be appointed.

In the District Court both Mrs. Sumi and the minors appeared at the trial, Mrs. Sumi testifying therein, and the minors, then being about ten and nine years old, respectively, being offered as witnesses on her behalf, were rejected by the Honorable E. Coke Hill, Judge, with the statement that he would assume that they had affection for their grandmother and preferred to remain with her.

Section 4510, C.L.A. 1933, provides that, when it becomes the duty of a commissioner to appoint a guardian, the nearest relative shall have preference.

Section 4512 provides that, if the minor is under the age of fourteen years, the commissioner may nominate and appoint a guardian.

In White v. White Co., 4 Alaska 317, at page 325, Judge Cushman held that, if the minor was under fourteen years of age, no notice was required. This statement was obiter dictum.

In 28 C. J. 1083, it is stated: "Unless some provision for notice is made by statute, proceedings for the appointment of a guardian are ex parte, and no notice to any one is required."

■ The only thing in our statutes relative to notice is as above mentioned, and, as the nearest relative, to-wit, the grandmother, was notified, it appears that this ground of alleged invalidity does not exist.

3. A ground of invalidity most strenuously urged by the attorney for Mrs. Sumi is that Alsie M. Young was appointed guardian of the persons only of the minors and was not appointed guardian of their estates. He maintains that the appointment in the will and the appointments by the Probate and District Courts so limited the guardianship of Alsie M. Young and that they, and each of them, are, therefore, in direct conflict with the laws of Alaska, which require that a guardian be for both the person and the estate of the minor.

The attorney for Alsie M. Young admits that the will and the orders of Court appoint Alsie M. Young guardian of the persons of said minors but do not appoint him guardian of their estates. However, he maintains that it is permissible, under the laws of Alaska, to have one guardian for the person of a minor and another guardian for his estate, even where parents of the minor are dead.

The record shows that the appointment of Alsie M. Young as guardian, by the Honorable George W. Albrecht, Probate Judge, was. for the persons of the minors. The judgment of the District Court likewise limits the powers of Alsie M. Young to being guardian of the persons of the said minors.

However, an examination of the will shows that the testatrix worded the pertinent portions as follows:

"(7) I hereby * * * devise * * * my estate * * * to James M. Young, as trustee, to be held by him as such trustee, for the benefit of my son, George Houston Cook, my daughter, Ruth Marion Cook, and my son, Donald Edward Young, and to be held in trust during the time and for the objects and purposes hereinafter set forth:

"(a) From the gross income * * * there shall first be paid and discharged all taxes, assessments, costs, charges and expenses * * *. .

"(b) The said trustee may apply the whole or any part of the annual net income toward the maintenance, education, or benefit, equally, of my said three children * * *.

"(c) When my said children * * * shall attain the age of twenty one years, the said trustee shall pay over and transfer to each of said children one third of my said estate, in whatever form the same may be at the time.

"(d) In the event of the demise of any of my said children before he or she attains the age of twenty one years, the said trustee, James M. Young, shall give and divide his or her interest equally among my children then living.

"(9) I hereby nominate, constitute, and appoint Alsie M. Young as guardian of my said son, Donald Edward Young.

"(11) I hereby nominate, constitute, and appoint Alsie Young as guardian of my children, George Houston Cook and Ruth Marion Cook."

It is seen that Mayme Helen Young appointed Alsie Young guardian of her children without any special reference as to whether he was guardian of the person or estate, or both.

Section 4511, C.L.A.1933, provides that the commissioner may appoint guardians to minors. Section 4512 provides that the minor, if over the age of fourteen years, may nominate, and the commissioner appoint, a guardian, and if the commissioner does not approve the guardian nominated by the minor, he may disapprove of him and cite the minor to nominate a suitable person, after which the commissioner might nominate and appoint the guardian. If the minor is under the age of fourteen years, the commissioner may nominate and appoint his guardian. Neither of the above

sections mentions anything about a guardian for the person or guardian for the estate of a minor and merely uses the general term, guardian.

Section 4513 states: "Every guardian so appointed shall have the custody and tuition of the minor and the care and management of his estate * * * : provided, however, the father of the minor, if living, and in case of his death the mother, while she remains unmarried, being themselves respectively competent to transact their own business, shall be entitled to the custody of the person of the minor and to the care of his education."

The bond required of a guardian is set forth in Section 4514, C.L.A.1933, which distinctly binds the guardian to handle the property of the ward and to faithfully discharge his trust in relation to the custody, education, and maintenance of the ward.

Section 4515 provides that, where the father dies without appointing a guardian for his children, the mother, by her last will and testament, may "appoint a guardian or guardians for any of [her] children * * * ; and every such testamentary guardian shall have the same powers and perform the same duties with regard to the person and estate of the ward as a guardian appointed by the Commissioner: * * * ."

Section 4538 provides that where the minor is a nonresident of Alaska, but has property therein, the bond of the guardian of the estate shall be the same as the bond of other guardians, "excepting that the provisions respecting * * * the custody of the ward shall not be applicable unless the ward shall come to reside in the Territory."

It will thus be seen that our statute makes provision for a separation of the duties of a guardian relative to the person of a minor and his estate, only when a competent parent is living, or when the minor is a non-resident of Alaska.

In the case entitled In re Ross, 53 N.J.Eq. 344, 35 A. 48, 49, the Court quoted with approval the decision in Ten-

brook v. McColm, 12 N.J.L. 97, wherein it was held that the policy of the laws of that state forbids awarding the guardianship of an infant person to one and the guardianship of his estate to another, and states: " 'The idea of parceling out the guardianship, and dividing its duties among several, I do not find recognized, directly or indirectly, in any act of the legislature. From a separation of these duties, while very little benefit can be anticipated, many inconveniences and considerable increase of expense must necessarily follow. * * * ' "

The Court further stated: "My research has not disclosed any change in the statutory policy of the state. While the decisions referred to do not define the powers of the prerogative court, they and the statutory policy of the state, exhibited in the orphans' court act, must have an influence with the prerogative court in the exercise of its jurisdiction, and, I think, should control it, except, possibly, in a case in which the application of the rule would lead to great hardship. * * * "

In 28 C. J. 1065, paragraph 21, it is stated: "But the more generally accepted view is that separate guardians of the person and of the estate of an infant may be appointed." Jordan v. Smith, 5 Ga.App. 559, 63 S.E. 595; Lawrence v. Thomas, 84 Iowa 362, 51 N.W. 11, 12.

The Jordan v. Smith case is not authority in this case as Carrie Smith was appointed guardian of the person and estate of Grace Jordan, a minor, though her father was then living. The court held that this appointment was void, as the statutory steps had not been taken for the removal of the father as natural guardian of his child's person.

In Lawrence v. Thomas, supra, the court stated: "There is much force in what is there said as to the impropriety of appointing two guardians, and demands careful consideration, but it is not against the authority to do so when the best interest of the ward will be served thereby."

The statutes of Iowa on the subject are not set forth, so as to permit a comparison of them with those of Alaska.

■ As mentioned above, the guardian was appointed by Mayme Helen Young, as "guardian of my children". Considering this will in the light of the Alaska statutes, which over and over mention guardianship in the meaning that the guardian is guardian of both person and property of the minor, it becomes clear that Mayme Helen Young did not restrict her appointment of Alsie M. Young to being guardian of the persons of her children.

■ Where a person is appointed guardian without any words of limitation, it means guardian of the person and estate. State ex rel. Young v. Cook, 193 Mo.App. 276, 183 S.W. 365; Burger v. Frakes, 67 Iowa 460, 23 N.W. 746, 747, 25 N.W. 735.

In 28 C. J. 1065, Sec. 21, it is stated: "Where one is appointed guardian without limitation upon his power and authority, he will be regarded as the guardian of both the person and the estate, and no question as to the propriety of appointing separate guardians can arise."

■ The deceased devised and bequeathed all of her estate, remaining after administration, to James M. Young, as trustee for the three children, George Houston Cook, Ruth Marion Cook, and Donald Edward Young. This appointment in no wise conflicts with the appointment of Alsie M. Young as guardian of the estates of the two Cook children. The estate of the Cook children in the trust property is their right to receive their share of the net income until they become of age and to receive their share of the estate itself at that time. The duty of the guardian is to see to it that the trustee administers his duties correctly and that the wards get the net income, and that the same is properly expended and accounted for. Also, the Cook children may have other estate for aught appears in the record, as it merely shows Mayme Helen Young devised all of her estate to the trustee. They may have an estate from their father, grandfather, grandmother, or from some other source.

It is to be noted that James M. Young was appointed guardian of Donald Edward Young. This necessitates that

he qualify as a guardian for that minor and that he, as trustee, pay over to himself, as guardian, the amounts due and that he, as guardian, expend and account for the same under the supervision of the Probate Court.

In Hallinan v. Hearst, 133 Cal. 645, 66 P. 17, 19, 55 L. R.A. 216, the Supreme Court of California stated: "The general guardian of the minor, as such has no right to the custody and management of this trust property. It is a legal trust for A. to leave a fund to B., as trustee, for the maintenance and support of C. during C.'s minority; and C.'s general guardian, merely by virtue of his position, would have no right whatsoever to the possession and management and distribution of the corpus of such a trust fund. It is for the trustees to manage the trust fund under the directions of the court, paying for the maintenance and support of the minor. such sums as may be necessary,—paying them, indeed, to the general guardian of the minor, if the court should hold such to be the advisable course, and being protected in their payments by the order of the court. But, upon the other hand, if the execution of the trust is arrested for lack of a trustee, it is proper for the guardian to apply to the court to fill the vacant trusteeship, and the court, in the exercise of its powers, might appoint any fit or proper person, whether the guardian or another, to the vacancy. But, if the guardian should be appointed, he would not take the trust property as guardian, but as trustee, under the explicit terms of the trust."

In Lamar v. Micou, 112 U.S. 452, on page 472 thereof, 5 S.Ct. 221, 230, 28 L.Ed. 751, the court says: "The case of such a guardian differs from that of an executor of, or a trustee under, a will. In the one case, the title in the property is in the executor or the trustee; in the other, the title in the property is in the ward, and the guardian has only the custody and management of it, with power to change its investment. The executor or trustee is appointed at the domicil of the testator; the guardian is most fitly appointed at the domicil of the ward, and may be ap-

pointed in any state in which the person or any property of the ward is found."

■ 4. As further grounds for invalidating the will, the protestant alleges: (a) That the Probate Court confirmed the testamentary appointment of Alsie M. Young without taking any evidence; (b) That no evidence was introduced before the Probate Court that the deceased father of the minors had failed to make a will appointing a guardian for them; (c) that the alleged will of Mayme Helen Young was not introduced in evidence in the Probate Court.

These grounds constituted some of the exceptions which the protestant filed against the order of the Probate Court and which constituted a statement of exceptions on appeal in the District Court. Judge E. Coke Hill found, upon the 31st day of May, 1935, that said exceptions were without merit in point of fact. This concludes the matter in this regard and cannot be inquired into at this time.

5. Both the Probate Court and the District Court held that Alsie M. Young was a fit, proper, and competent person to act as guardian of such minors.

No finding appears that the grandmother, Wilhelmina Sumi, is not a proper person to act as guardian of said minors, nor is there any finding to the effect that the happiness of the children will be best conserved and promoted by the appointment of Alsie M. Young as guardian, rather than the grandmother.

■ The rule seems to be well established that the probate court is not bound to appoint the testamentary guardian under all conditions. The parent, having the right to appoint a testamentary guardian, should be denied that right only where it is made to appear to the court that the testamentary guardian is not of good moral character, or is otherwise incompetent to discharge the duties of guardian, or that the appointment of such a guardian would constitute an injustice to the wards and be prejudicial to them.

28 C.J. 1070, § 33; Section 4510, C.L.A.1933; In re Mc-Coun, 96 Kan. 314, 150 P. 516.

Testamentary guardianship came into existence by the statute of Charles II. That statute provided that such disposition (appointment of guardian by will) " 'shall be good and effective against all and every person or persons claiming the custody or tuition of such child or children.' " 12 R. C. L. 1109, section 9.

▅▅▅ It should be noted that the Alaska statute does not follow the statute of Charles II. in stating that such disposition " 'shall be good and effective against all and every person or persons claiming the custody or tuition of such child or children.' " The section on testamentary guardianship in the Alaska code is put in the chapter with the provisions for judicial appointment of guardians, and all of the sections of the chapter must be read to give a proper effect to them.

▅▅▅] 6. The petition of Alsie M. Young prayed that he be appointed guardian of the children. The court had no authority to limit his appointment merely to that of the persons of the children. The District Court should not have confirmed the appointment of the Probate Court, insofar as the limitation was concerned.

The bond of three thousand dollars ($3,000) fixed by the Probate Court seems adequate security to require of the guardian of the person and estate of these minors, at the present time. The judgment of the District Court and the Probate Court should be amended to make Alsie M. Young the guardian of the estate of the minors, as well as of their persons, and a new bond will have to be executed. The bond should be executed by the guardian in person, or by an attorney-in-fact, duly authorized by a properly executed power of attorney for that purpose.

The Probate Judge should entitle the papers in this guardianship proceeding, "In the Matter of the Guardianship of George Houston Cook and Ruth Marion Cook,

Minors," and should give the same a separate number, and index and record all proceedings as required by law, and at the cost of the guardian.

The judgment entered by Judge E. Coke Hill here on June 14, 1935, should be changed to the effect that the costs of the appeal from the Probate Court to the District Court should be paid by the party incurring them, and that costs be not charged against either party in favor of the other.