**ADCOX SCHOOLS, Petitioner,**

v.

**ADMINISTRATOR OF VETERANS AFFAIRS, Respondent.**

No. 14368.

United States Court of Appeals
Ninth Circuit.

Nov. 18, 1954.

Masters & Masters, Portland, Or., for appellant.

Lloyd H. Burke, U. S. Atty., James B. Schnake, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and BYRNE, District Judge.

DENMAN, Chief Judge.

The Administrator of Veterans Affairs, hereafter Administrator, moves to dismiss the petition of Adcox Schools, a corporation, hereafter Schools, to review and set aside the decision and order of the Veterans Education Appeals Board, made and entered on the 14th day of May, 1954, wherein the Veterans Education Appeals Board denied the petition of Schools for rehearing and wherein the Veterans Education Appeals Board held that Schools did not have a customary cost of tuition because Schools, although established prior to June 22, 1944, had not been in continuous operation since that date and because Schools had not enrolled and trained students continuously on and subsequent to that date. The ground of the motion is that this court lacks jurisdiction to entertain the petition.

Section 2 of Public Law 610, 81st Congress, 38 U.S.C.A.Reg.No. 1(A), Part VIII, Paragraph 11,) which created the Veterans Education Appeals Board provides as follows:

"Such Board shall be subject, in respect to hearings, appeals, and all other actions and qualifications, to the provisions of sections 5 to 11, inclusive, of the Administrative Procedure Act, approved June 11, 1946, as amended. The decision of such Board with respect to all matters shall constitute the final administrative determination."

Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, provides in part as follows:

"Sec. 10. Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

"(a) Right of review.—Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"(b) Form and venue of action.— The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action * * * in any court of competent jurisdiction. * * *

"(c) Reviewable acts.—Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. * * *

"(d) * * *

"(e) Scope of review.—So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. * * *"

The Administrator does not contend that the Administrative Procedure Act gives Schools no right at all to review, but contends solely that such jurisdiction does not exist in this court. It is apparent that the legislation creating the Veterans Administration provides no particular body in which a review may be had and that power to review, if any,

must be based on the Administrative Procedure Act.

The latter Act's pertinent provision is the one cited above, that is that "Any person suffering legal wrong because of any agency action * * * shall be entitled to judicial review thereof * * * in any court of competent jurisdiction."

It may be claimed that a district court has competent jurisdiction to entertain a suit by Schools for a declaratory judgment on its claim, disputed by the Administrator, as to the validity of the decision. If this contention be valid, which we do not determine, a court of appeals has no jurisdiction otherwise than by appeal from the judgment of the district court in such an action. 28 U.S.C. 1292, 1293. As said in A. F. of L. v. National Labor Relations Board, 308 U.S. 401, 404, 60 S.Ct. 300, 302, 84 L.Ed. 347, in construing a predecessor act, "The Court of Appeals for the District of Columbia [70 App.D.C. 62, 103 F.2d 933], like the several circuit courts of appeals, is without the jurisdiction over original suits conferred on district courts by § 24 of the Judicial Code, as amended. * * * Such jurisdiction as it has, to review directly the action of administrative agencies, is specially conferred by legislation relating specifically to the determinations of such agencies made subject to review, and prescribing the manner and extent of review." Cf. Sumi v. Young, 9 Cir., 83 F.2d 752; Roche v. Evaporated Milk Ass'n, 319 U. S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Credit Bureau of San Diego v. Petrasich, 9 Cir., 97 F.2d 65; Cole v. Rustgard, 9 Cir., 68 F.2d 316.

It further appears that the official residence of the Administrator is in Washington, D. C. Since the Administrator has appeared only to contest the jurisdiction and has not appeared generally, it is apparent we cannot obtain jurisdiction in personam over him. See Blackmar v. Guerre, 342 U.S. 512, at page 516, 72 S.Ct. 410, at page 412, 96 L.Ed. 534, where the Supreme Court said, in a similar case in which it construed the term "competent jurisdiction" of Section 1009, supra, "The courts of the District of Columbia are the only courts of 'competent jurisdiction' to reach the members of the Civil Service Commission."

The motion to dismiss on the ground of absence of jurisdiction to consider the petition of Schools is granted.