**B & S LENOX TRADE SCHOOL, Inc.,**
**Plaintiff-Petitioner,**

v.

**VETERANS' EDUCATION APPEALS BOARD, Defendant-Respondent.**

United States District Court,
S. D. New York.
March 8, 1955.

Samuel C. Berson, New York City, for petitioner.

J. Edward Lumbard, U. S. Atty., New York City, George Vetter, Jr., New York City, of counsel, for respondent.

BICKS, District Judge.

Petitioner B & S Lenox Trade School, Inc. has filed a petition to review and set aside a final administrative decision of the Veterans' Education Appeals Board entered at Washington, D. C., on November 8, 1952 which fixed

"* * * * the tuition rate of $.4959 per student hour * * * for the Applicant's course in Shoe Repairing, and [as] the rate to which the Applicant is entitled for the training of veterans in said course during the period from February 15, 1951, through February 14, 1952; * * *"

Jurisdiction of this Court to entertain the petition is founded by petitioner on Section 2 of Public Law 610, 81st Congress [1] and Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009 [2].

The Veterans' Education Appeals Board moves pursuant to Rule 12 of the Rules of Civil Procedure to dismiss the petition urging that the Court lacks jurisdiction over the subject matter because of absence of statutory provision for special review of the Board's decisions and over it because it has not been constituted a body corporate and the Congress has not authorized suit against it as a Board *eo nomine*.

Assuming, arguendo, that judicial review is not precluded by statute and agency action is not by law committed to agency discretion [3], the petition nonetheless must be dismissed because the Court lacks jurisdiction over the respondent.

1. Section 2 of Public Law 610, 81st Congress, provides in pertinent part:
"Such Board shall be subject, in respect to hearings, appeals, and all other actions and qualifications, to the provisions of sections 5 to 11, inclusive, of the Administrative Procedure Act, approved June 11, 1946, as amended. The decision of such Board with respect to all matters shall constitute the final administrative determination." Veteran's Regulation No. 1(a), pt. 8, § 11, 38 U.S.C.A. following § 745.

2. Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009 provides in pertinent part:
"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"Rights of review
"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

"Form and venue of proceedings
"(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action * * * in any court of competent jurisdiction. * * *"

3. Section 10, Administrative Procedure Act, supra, note 2.

Congress has not authorized the Board to be sued *eo nomine;* neither is it the offspring of such a suable entity [4]. Suit therefore must be against the individual members of the Board [5], and only where they can be served, which it would appear is the District of Columbia.

Motion granted.

4. When Congress authorizes one of its agencies to be sued *eo nomine,* it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. Blackmar v. Guerre, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534. P.L. 610, 81st Congress makes no provision for a special review proceeding.

5. Blackmar v. Guerre, supra, note 4.