**BIRMINGHAM BUSINESS COLLEGE, Inc., a nonprofit corporation, et al., Plaintiffs,**

**v.**

**Harley A. SMITH, Manager, Regional Office, United States Veterans Administration, et al., Defendants.**

**Civ. A. No. 8319.**

United States District Court
N. D. Alabama, S. D.
March 23, 1956.

R. Macey Taylor, Arthur A. Weeks, Arthur Parker and John Ike Griffith, Birmingham, Ala., for plaintiffs.

Atley A. Kitchings, U. S. Atty., and Fred S. Weaver, Asst. U. S. Atty., Birmingham, Ala., for defendants.

LYNNE, Chief Judge.

Predicating jurisdiction upon 28 U.S. C.A. §§ 1331 and 2201, plaintiffs, Birmingham Business College, Inc., and certain affected veterans of the Korean War are here seeking, by their complaint, preliminary and final injunctive relief against local officials of the Veterans Administration of the United States.

Asserting that the decision of the Regional Committee on Educational Allowances, arrived at on October 17, 1955, that complainant, Birmingham Business College, was in violation of Veterans Administration Regulation 12208(D) (2) (c) by submitting improper and incorrect reports which caused improper payments of training allowances to veterans and of Veterans Administration Regulation 12208(D) (2) (h) by failure to maintain adequate records to show attendance, which action was concurred in by the Deputy Director and which was implemented by defendants' withdrawal of education and training allowances from veterans enrolled as students in such school, was arbitrary, discriminatory, a denial to such school of the equal protection of the laws, and constituted a denial of due process of law, the complainant school prays for mandatory injunctive relief to prevent irreparable injury and damage.

The veteran complainants, pointing to notice of interruption in their training in Birmingham Business College, join with the school in advancing its complaints.

At the threshold, the defendants, by special appearance, challenge the jurisdiction of this court of the subject matter of this action.

Of the opinion that the provisions of Title 38 U.S.C.A. §§ 11a–2 and 705 are applicable to decisions (with exceptions impertinent hereto) rendered by the Administrator of Veterans' Affairs in the administration of Public Law 550, approved July 16, 1952, 66 Stat. 663, 38 U. S.C.A. § 901 et seq., the court concludes that it has no jurisdiction of the subject matter herein for the reasons given in Brasier v. United States, 8 Cir., 223 F.2d 762; B & S Lenox Trade School v. Veterans' Education Appeals Bd., D. C., 129 F.Supp. 372; Adcox Schools v. Administrator of Veterans' Affairs, 9 Cir., 217 F.2d 54; and New York Technical Institute of Maryland v. Limburg, D.C., 87 F.Supp. 308.

It is, accordingly, ordered, adjudged and decreed by the court that this action be and the same is hereby dismissed for lack of jurisdiction, without prejudice, however, to complainants to pursue any other administrative or legal remedies to which they may appear entitled, and that the costs of court incurred herein be and they are taxed against complainants, for which execution may issue.